# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DENISE BONDS, and
SHENESIA RHODES,

        Plaintiffs,

v.

COMPASS GROUP, CROTHALL
HEALTHCARE, TENET HEALTHCARE
CORPORATION, VHS OF MICHIGAN, INC
d/b/a DETROIT MEDICAL CENTER, and
VHS HARPER-HUTZEL HOSPITAL, INC.,

        Defendants.

CASE NO. 22-CV-11491

HON. DAVID M. LAWSON

MAG. CURTIS IVY, JR.

---

Azzam Elder  (P53661)
ELDER BRINKMAN LAW
1360 Porter Street, Suite 250
Dearborn, Michigan 48124
(313) 879-0355
aelder@elderbrinkmanlaw.com
*Attorneys for Plaintiffs*

Jaclyn R. Giffen  (P75316)
Jessica Kingston  (P74417)
LITTLER MENDELSON, P.C.
200 Renaissance Center, Suite 3110
Detroit, Michigan 48243
(313) 446-6400
jgiffen@littler.com
jgkingston@littler.com
*Attorneys for Defendants Compass
Group and Crothall Healthcare*

Nina Korkis Taweel  (P63031)
KORKIS LAW FIRM, PLLC
1360 Porter Street, Suite 200
Dearborn, Michigan 48124
(313) 581-5800
nina@korkislaw.com
*Attorneys for Plaintiffs*

Patrick F. Hickey (P36648)
Stefanie R. Reagan (P80334)
William J. O'Brien (P83025)
HICKEY HAUCK BISHOFF
JEFFERS & SEABOLT, PLLC
One Woodward Avenue, Suite 2000
Detroit, Michigan 48226
(313) 964-8600
phickey@hhbjs.com
sreagan@hhbjs.com
wobrien@hhbjs.com
*Attorneys for Defendants Tenet
Healthcare Corporation, VHS of
Michigan, Inc. d/b/a Detroit Medical
Center, and VHS Harper-Hutzel
Hospital, Inc.*

**DEFENDANTS COMPASS GROUP USA, INC. AND CROTHALL
HEALTHCARE, INC.'S ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendants, Compass Group USA, Inc. and Crothall Healthcare, Inc. (the "Crothall Defendants")[1], by their attorneys, Littler Mendelson, P.C., submit the following Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint and state as follows:

1.     This is an action for violations of the law with regard to the retaliatory removal and retaliatory actions taken against Plaintiffs in violation of the Michigan Medicaid False Claims Act, MCL§ 400.610c; the False Claims Act, 31 USC § 3730(h); the Whistle Blowers Protection Act MCL 15.361; and the public policy of the State of Michigan, for concurrently placing Plaintiffs illegally in a false light, wrongful suspensions, wrongful discharge, intentional infliction of emotional distress, and racial discrimination.

**ANSWER:** Crothall Defendants admit that Plaintiff's Second Amended Complaint purports to allege claims of Michigan's Medicaid False Claims Act, § 400.610c; the False Claims Act, 31 USC § 3730(h); the Whistleblowers Protection Act, MCL 15.361; and the public policy of the State of Michigan for allegations of wrongful suspensions, wrongful discharge, intentional infliction of emotional

---

[1] Defendants are incorrectly identified in the caption as "Compass Group" and "Crothall Healthcare". The correct entities are Compass Group USA, Inc. and Crothall Healthcare, Inc.

distress, and racial discrimination. Crothall Defendants deny the remaining allegations of Paragraph 1 of the Second Amended Complaint for the reasons that they are untrue.

2.      This is also an action for violation of the Michigan Whistleblowers Protection Act, MCL 15.361 et. seq., based upon retaliation against Plaintiffs because Plaintiffs have complained to OSHA, the Health Departments, Infectious Control Officers and Defendants about unsafe, unsanitary, and dangerous conditions which put hospital patients, hospital visitors, hospital staff, and the public at risk of contracting infections, diseases, and illnesses.

**ANSWER:** Crothall Defendants admit that Plaintiff's Second Amended Complaint purports to allege a claim under the Michigan Whistleblowers Protection Act, MCL 15.361, et. seq. Crothall Defendants deny the remaining allegations of Paragraph 2 of the Second Amended Complaint for the reasons that they are untrue.

3.      In addition, Defendants Crothall and Compass have violated the Bullard-Plawecki Employee Right to Know Act, MCL§ 423.501, et. seq., when they failed to provide Plaintiffs with their complete personnel records.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 3 of the Second Amended Complaint for the reasons that they are untrue.

4.      Plaintiff DENISE BONDS is a resident of the County of Wayne, State of Michigan.

**ANSWER:** Crothall Defendants lack knowledge and information sufficient to form a belief as to the allegations of Paragraph 4 of the Second Amended Complaint, and therefore deny the allegations.

5.      Plaintiff SHENESIA RHODES is a resident of the County of Macomb, State of Michigan.

**ANSWER:** Crothall Defendants lack knowledge and information sufficient to form a belief as to the allegations of Paragraph 5 of the Second Amended Complaint, and therefore deny the allegations.

6.      Defendant COMPASS GROUP ("Compass") is a foreign for-profit corporation incorporated in the United Kingdom, with multinational operations doing business under numerous names and subsidiaries in the United States.

**ANSWER:** Crothall Defendants admit that Compass Group PLLC is the name of the parent UK company. Crothall Defendants deny the remaining allegations of Paragraph 6 of the Second Amended Complaint for the reason that they are untrue.

7.      Defendant CROTHALL HEALTHCARE ("Crothall"), is a foreign for-profit corporation, with its headquarters located at 1500 LIBERTY RIDGE DRIVE STE 210 WAYNE, PA 19087 USA. It is a subsidiary of Compass Group, a United Kingdom company.

**ANSWER:** Crothall Defendants admit the allegations of Paragraph 7 of the

Second Amended Complaint.

8.      Defendant   TENET   HEALTHCARE   CORPORATION,   INC.,
("Tenet") is a foreign for-profit corporation in Nevada. It is a multi-national,
investor-owned healthcare services company. As of March 2022, Tenet operated
approximately sixty-eight (68) hospitals nationally. Tenet does business and has
numerous subsidiaries it operates and controls in the State of Michigan.

**ANSWER:** Crothall Defendants lack knowledge and information sufficient
to form a belief as to the allegations of Paragraph 8 of the Second Amended
Complaint, and therefore deny the allegations.

9.      VHS OF MICHIGAN, INC., a wholly-owned subsidiary of Tenet
Healthcare Corporation, is a foreign for-profit corporation in Delaware and doing
business in Detroit, Michigan as The Detroit Medical Center ("DMC").

**ANSWER:** Crothall Defendants lack knowledge and information sufficient
to form a belief as to the allegations of Paragraph 9 of the Second Amended
Complaint, and therefore deny the allegations.

10.     VHS HARPER-HUTZEL HOSPITAL, INC., a foreign for-profit
corporation, is part of the DMC, doing business in Michigan as Harper-Hutzel
Hospital (comprising Harper University Hospital, Hutzel Women's Hospital, the
Cardio Vascular Institute and DMC Surgery Hospital).

**ANSWER:** Crothall Defendants lack knowledge and information sufficient

4867-5070-8270.1 / 024778-1679

to form a belief as to the allegations of Paragraph 10 of the Second Amended Complaint, and therefore deny the allegations.

11.     This lawsuit addresses violations of the law that occurred during and after Plaintiffs worked for Defendants Compass/Crothall at Harper-Hutzel Hospital, which is a subsidiary of Defendant Tenet Healthcare. Plaintiffs Bonds and Rhodes worked as housekeepers in environmental services and they are also Union Stewards for the Service Employees International Union (SEIU).

**ANSWER:** Crothall Defendants admit that Plaintiffs were both employed as housekeepers with Defendant Crothall's environmental services team and were Union Stewards for the Service Employees International Union (SEIU). The Crothall Defendants further admit that the Second Amended Complaint purports to address violation of law that Plaintiffs allege occurred during Plaintiffs' employment at Harper-Hutzel Hospital. Crothall Defendants lack knowledge and information sufficient to form a belief as to the allegations regarding whether Harper-Hutzel Hospital is a subsidiary of Defendant Tenet Healthcare. Crothall Defendants deny the remaining allegations of Paragraph 11 of the Second Amended Complaint for the reason that they are untrue.

12.     The amount in controversy herein exceeds $75,000.00 and this matter is otherwise appropriately before the Court pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship of the parties.

4867-5070-8270.1 / 024778-1679

**ANSWER:** Denied as alleged. Crothall Defendants admit the United States District Court for the Eastern District of Michigan has jurisdiction over Plaintiff's claims, but states jurisdiction cannot be conferred by admission.

13. This matter is also appropriately before the Court pursuant to 28 U.S.C. § 1331. Plaintiffs have asserted a claim arising under federal law pursuant to 31 U.S.C. § 3730(h). See also Graham Cnty Soil & Water Conservation Dist. v. U.S. ex rel. Wilson, 545 U.S. 409, 412; 125 S.Ct. 2444; 162 L. Ed.2d 390 (2005); Tibor v. Michigan Orthopaedic Institute, 72 F. Supp.3d 750 (2014).

**ANSWER:** Denied as alleged. Crothall Defendants admit the United States District Court for the Eastern District of Michigan has jurisdiction over Plaintiff's claims, but states jurisdiction cannot be conferred by admission. Crothall Defendants further admit that the Second Amended Complaint purports to assert a claim pursuant to 31 U.S.C. § 3730(h).

## FACTUAL BACKGROUND

14. Harper-Hutzel Hospital is in the center of the City of Detroit, where the entire community relies on services from neighborhoods to everyday people who work in the downtown area. If anyone is in the downtown vicinity, or near this hospital and has a heart attack, or is about to deliver a baby, an ambulance is likely to rush them to Harper-Hutzel Hospital.

**ANSWER:** Crothall Defendants admit that Harper-Hutzel Hospital is in the

City of Detroit and the hospital provides medical services. Crothall Defendants lack knowledge or information regarding the remaining allegations of Paragraph 14 of the Second Amended Complaint, and therefore deny them.

15.     Defendant Tenet's subsidiary, VHS, operates multiple hospitals commonly known as the "DMC" including Harper-Hutzel Hospital, in the Detroit area and features the full range of specialists, such as cardiologists, cardiac surgeons, vascular surgeons, pediatric cardiovascular surgeons, rehabilitation services, baby deliveries (including c-sections), obgyn services, and a nursing team that is cross-trained for any emergency or elective procedure.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 15 of the Second Amended Complaint, and therefore deny them.

16.     Prior to 2019, Sodexo provided the environmental services to DMC hospitals.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 16 of the Second Amended Complaint, and therefore deny them.

17.     Plaintiffs worked for Sodexo prior to working for Defendants Crothall and Compass.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the

allegations of Paragraph 17 of the Second Amended Complaint, and therefore deny them.

18.     Plaintiff Bonds was an awarded employee at Sodexo.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 18 of the Second Amended Complaint, and therefore deny them.

19.     Plaintiff Rhodes was an awarded employee at Sodexo.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 19 of the Second Amended Complaint, and therefore deny them.

20.     When Sodexo had the Tenet contract, Plaintiffs never ran out of supplies and had enough cleaning supplies, rags, mops, and essentials to properly sanitize patient rooms and operating rooms, per the established Sodexo protocols.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 20 of the Second Amended Complaint, and therefore deny them.

21.     Under Sodexo, Plaintiffs were expected to use hospital-grade cleaning products and separate rags and mops in order to avoid cross contamination of areas. For example, the rags used to clean the bathrooms were not used to clean patient beds. Operating rooms and discharges got elevated cleaning, including terminal

9

cleaning.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 21 of the Second Amended Complaint, and therefore deny them.

22. Today, Defendant Tenet uses Defendant Crothall and/or Compass as contractors for environmental services across the country.

**ANSWER:** Crothall Defendants admit the allegations of Paragraph 22 of the Second Amended Complaint.

23. Around September 2019, Defendant Tenet hired Defendant Crothall to take over environmental service operations at the DMC from Sodexo.

**ANSWER:** Crothall Defendants admit that in November 2019 they began providing environmental services at Harper-Hutzel Hospital. The Crothall Defendants lack knowledge or information regarding the allegations regarding the prior environmental services operation at the hospital in Paragraph 23 of the Second Amended Complaint, and therefore deny them.

24. Sodexo declined to make the extreme cuts being mandated by Defendant Tenet.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 24 of the Second Amended Complaint, and therefore deny them.

4867-5070-8270.1 / 024778-1679

25.    In 2019, Plaintiffs Bonds and Rhodes became full-time employees of Defendants Crothall and Compass until their termination in 2022.

**ANSWER:** Crothall Defendants admit that Plaintiffs Bonds and Rhodes were employees of Defendant Crothall from November 2019 through their respective terminations in 2022. Crothall Defendants deny the remaining allegations of Paragraph 25 of the Second Amended Complaint for the reasons that they are untrue.

26.    Prior to being terminated, Plaintiffs Bonds and Rhodes worked in "housekeeping" and they were also union stewards.

**ANSWER:** Crothall Defendants admit that Defendant Crothall employed Plaintiffs Bonds and Rhodes as housekeepers. Crothall Defendants lack knowledge or information regarding the remaining allegations of Paragraph 26 of the Second Amended Complaint, and therefore deny them.

27.    As union stewards, Bonds and Rhodes had the responsibility of protecting/representing other employees from among other things, unethical and unsafe practices by Defendant employers.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 27 of the Second Amended Complaint for the reason that they are untrue.

28.    Plaintiffs will demonstrate how Defendant Compass Group and its subsidiaries went to extreme measures to make more profits for themselves and Tenet Health. Defendant Compass Group has a long history of outrageous actions to

cut costs in order to make more money.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 28 of the Second Amended Complaint for the reason that they are untrue.

29.    In September of 2019, after assuming the contract at DMC, Defendants Crothall and Compass represented to Plaintiffs and other employees that they would honor the terms of the Collective Bargaining Agreements (CBA) executed by Sodexo and Defendant Tenet/VHS.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 29 of the Second Amended Complaint, except to admit that they agreed to abide by their responsibilities pursuant to the relevant Collective Bargaining Agreements.

30.    In late 2019, Defendants Crothall and Compass presented their Code of Business Conduct Golden Rules to Plaintiffs and its employees, which state:



(50) Compass Five Golden Rules - YouTube

**ANSWER:** Crothall Defendants admit that management provided Plaintiffs

with a document which contained the Code of Business Conduct Golden Rules identified in Paragraph 30 of the Second Amended Complaint. Crothall Defendants deny the remaining allegations of Paragraph 30 of the Second Amended Complaint because they are untrue.

31.    Plaintiffs have followed these Golden Rules by reporting violations to Defendants in person, by phone, and email.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 31 of the Second Amended Complaint for the reason that they are untrue.

32.    Defendants have violated each one of their above-stated Golden Rules.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 32 of the Second Amended Complaint for the reason that they are untrue.

33.    After Plaintiffs reported the concerns about safety, they were retaliated against by Defendants.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 33 of the Second Amended Complaint for the reason that they are untrue.

34.    Defendants worked together to:

a.    Silence plaintiffs;

b.    Falsely accuse Plaintiffs;

c.    Retaliate against Plaintiffs;

d.    Improperly suspend Plaintiffs;

4867-5070-8270.1 / 024778-1679

e.    Discriminate against Plaintiffs;

f.    Lie about Plaintiffs;

g.    Violate safety rules which unnecessarily exposed Plaintiffs to the Covid-19 virus;

h.    Violate safety rules which put patients, employees, and visitors at higher risk of contracting an illness and/or being in danger;

i.    Intimidate Plaintiffs to stop raising safety concerns;

j.    Humiliate Plaintiffs;

k.    Financially hurt Plaintiffs as a means of retaliation; and

l.    wrongfully terminate Plaintiffs.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 34, including subparts (a) – (l), of the Second Amended Complaint for the reason that they are untrue.

### Continues its Focus on Profit at the
### Expense of Care and Safety

35.    Before Covid-19 became a pandemic, Defendants began to take extreme measures to cut spending. Daily cleaning supplies were no longer available for housekeepers to do their jobs properly, and as time passed, things only got worse.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 35 of the Second Amended Complaint for the reason that they are untrue.

36.    Defendants work together to avoid spending money on supplies and

14

have done this across numerous hospital systems.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 36 of the Second Amended Complaint for the reason that they are untrue.

37.     These cost-cutting measures have been extreme and Defendants have caused the hospital to become unsanitary and unsafe.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 37 of the Second Amended Complaint for the reason that they are untrue.

38.     Defendants intentionally kept the cleaning supplies short to make profits even when it meant the hospital became unsanitary and unsafe.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 38 of the Second Amended Complaint for the reason that they are untrue.

39.     The cleaning protocols changed from best practices with Sodexo to deplorable with Crothall/Compass.

**ANSWER:** Crothall Defendants lack knowledge or information regarding Sodexo's cleaning protocols, and therefore deny them. Crothall Defendants deny the remaining allegations of Paragraph 39 of the Second Amended Complaint for the reason that they are untrue.

40.     Plaintiffs have knowledge about how the cleaning and sanitization priorities changed from Sodexo to Crothall/Compass.

**ANSWER:** Crothall Defendants lack knowledge or information regarding

15

Plaintiffs' employment with Sodexo and therefore deny them. Crothall Defendants deny the remaining allegations of Paragraph 40 of the Second Amended Complaint for the reason that they are untrue.

41.    Defendants overwhelmed housekeepers with unreasonable expectations and required them to do additional work because the nursing staff was also kept in short supply.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 41 of the Second Amended Complaint for the reason that they are untrue.

42.    For example, under Sodexo, Plaintiffs would use approximately fifty (50) rags to clean twenty-eight (28) patient rooms.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 42 of the Second Amended Complaint and therefore deny them.

43.    Under Defendants, Plaintiffs were given five (5) rags to clean the same 28 patient rooms.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 43 of the Second Amended Complaint for the reason that they are untrue.

44.    Mops went from unlimited supply to not enough to do the job properly. Cleaning solutions that were "hospital-grade" were always out.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 44 of the

4867-5070-8270.1 / 024778-1679

Second Amended Complaint for the reason that they are untrue.

45.    When Plaintiff Rhodes complained about the lack of supplies, managers announced to the staff that overtime would be cut because Plaintiff Rhodes is complaining about lack of supplies.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 45 of the Second Amended Complaint for the reason that they are untrue.

46.    This humiliated Plaintiffs and caused other staff to get upset with Plaintiffs for speaking the truth as Defendants blamed them for overtime being cut.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 46 of the Second Amended Complaint for the reason that they are untrue.

47.    When Plaintiff Bonds was harassed by her manager, she had to call security to intervene because of the aggressive intimidation and threats that Defendants' managers used to retaliate.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 47 of the Second Amended Complaint for the reason that they are untrue.

48.    During Covid, Plaintiffs and other employees were treated like expendable furniture. Defendants did not follow Covid-19 rules to keep them safe, and they refused to provide Plaintiff with personal protection equipment (PPE).

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 48 of the Second Amended Complaint for the reason that they are untrue.

4867-5070-8270.1 / 024778-1679

49.    Plaintiff Rhodes was unnecessarily exposed to areas of the hospital where her chances of contracting Covid-19 were higher because Defendants failed to follow the Covid-19 rules designed to keep front line workers and others safe.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 49 of the Second Amended Complaint for the reason that they are untrue.

50.    The commonsense approach of trying to stay safe to not contract Covid-19 was taken away from Plaintiffs by Defendants' actions and inactions.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 50 of the Second Amended Complaint for the reason that they are untrue.

51.    Plaintiff Rhodes was exposed to Covid-19 while at work because of Defendants' negligence and indifference to what they consider lower level housekeepers.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 51 of the Second Amended Complaint for the reason that they are untrue.

52.    Early on during the Covid-19 pandemic, Plaintiff Rhodes was given an n95 mask from a physician, but Defendants took away her n95 mask and told her that she is not a doctor or nurse, and that housekeepers should not be wearing n95 masks.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 52 of the Second Amended Complaint and therefore deny

18

them.

53.    As a result of Defendants' actions, Plaintiff Rhodes and her family ended up with Covid-19 prior to vaccines being available to them.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 53 of the Second Amended Complaint for the reason that they are untrue.

54.    Plaintiff Rhodes contracted Covid-19 three (3) times from work, and Defendants refused to pay her while she was out sick, and they also refused to pay her earned sick and vacation time.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 54 of the Second Amended Complaint for the reason that they are untrue.

55.    Other similarly situated employees ended up dying from the coronavirus, or sustained permanent disabilities.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 55 of the Second Amended Complaint for the reason that they are untrue.

56.    One front line hero who ended up in a coma because of Covid-19, who recovered but had to use an oxygen tank, tried to come back to work to support his family. Defendants Compass/Crothall ended up finding ways to terminate this employee and documents were falsified to cover-up the recording requirements.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 56 of the Second Amended Complaint for the reason that they are untrue.

4867-5070-8270.1 / 024778-1679

57.     Defendants violated the rules requiring proper documentation of employees who ended up with the coronavirus.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 57 of the Second Amended Complaint for the reason that they are untrue.

58.     Plaintiffs repeatedly tried to get Defendants to follow the rules and laws, to no avail.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 58 of the Second Amended Complaint for the reason that they are untrue.

59.     Plaintiffs even tried to work through their union leadership to get the attention of the CEOs. Below is one example:

---------- Forwarded message ----------
From: **Denise Bonds** <denisebonds55@gmail.com>
Date: Sat, Dec 11, 2021, 7:39 PM
Subject:
To: Mullins, Kimberly <Kimberly.Mullins@crothall.com>, Leap, Travis <Travis.Leap@crothall.com>, Pierce, Kim <Kim.Pierce@crothall.com>, Steinhoff,
Kurt <kurt.Steinhoff@compass-usa.com>


Crothall is in violation of MIOSHA, we as employee's are to be fitted for N95.

4867-5070-8270.1 / 024778-1679

From: Ken Haney [mailto:ken.haney@seiuhealthcaremi.org]
Sent: Wednesday, April 28, 2021 3:19 PM
To: Rapp, Susan
Cc: Kent, Quadira; Noble, Carl; Kevin Lignell; Mary Nelson
Subject: Fwd: EVS/Harper Hospital Complaints

I am attaching these videos and statements that the employees in the EVS department are complaining about. As you may not be aware there are about 12 to 15 employees in that department who have contacted the Covid 19-Virus over the last two weeks. The videos below are indicating that the employees are using rags to mop the floors and a consistent lack of cleaning supplies, a video also shows that the manager has been hoarding the supplies, Some members also have a complete calendar of days that the lack of supplies happens, which is attached. This seem to be a everyday occurance which a complaint was filed on the hot line. As of Wednesday the 27th the afternoon shift was given three (3) rags per person to clean up. I truly believe this is not sustainable to contain the spread of the virus, but I'm not an expert when it comes to this. I will forward these videos to the proper personal to hopefully help where needed.

---------- Forwarded message ----------
From: **Gregory, Audrey** <AGregory@dmc.org>
Date: Wed, Apr 28, 2021 at 4:41 PM
Subject: RE: EVS/Harper Hospital Complaints
To: Ken Haney <ken.haney@seiuhealthcaremi.org>, Rapp, Susan <SRapp@dmc.org>
CC: Kent, Quadira <QKent@dmc.org>, Noble, Carl <CNoble@dmc.org>, Kevin Lignell
<kevin.lignell@seiuhealthcaremi.org>, Mary Nelson <mary.nelson@seiuhealthcaremi.org>

Ken:

Thank you for bringing these concerns to our attention. Please know we take the concerns seriously. My team will review and follow up regarding the outcome and any appropriate resolution from the review. Thanks again for the opportunity to review these concerns.

Audrey Gregory, Ph.D.

Group Chief Executive Officer

Detroit Medical Center (DMC)

**ANSWER:** Crothall Defendants admit that Plaintiffs or their Union sent emails to Crothall Defendants' leadership from time to time. Crothall Defendants lack knowledge or information regarding Plaintiffs' allegations regarding actions they took with their Union. Crothall Defendants deny the remaining allegations of Paragraph 59 of the Second Amended Complaint for the reason that they are untrue.

60.    Defendants worked together and were unwilling to spend money to meet minimum requirements, yet they were open to the public for business and billed Medicare and Medicaid, carrying on with business as usual.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 60 of the

Second Amended Complaint for the reason that they are untrue.

61.    Defendants worked together to violate OSHA rules relating to "fit tests" and falsified documentation regarding same.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 61 of the Second Amended Complaint for the reason that they are untrue.

62.    Proper PPB was not provided to protect Plaintiffs or other front line workers in order to save money - essentially Defendants were only concerned with making money over saving lives.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 62 of the Second Amended Complaint for the reason that they are untrue.

63.    Defendants violated and falsified Certificates of Participation in order to bill Medicare and Medicaid.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 63 of the Second Amended Complaint for the reason that they are untrue.

## **TENET HEALTHCARE AND ITS DETROIT SUBSIDIARIES**

64.    Defendant Tenet owns for-profit hospitals throughout the country.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 64 of the Second Amended Complaint and therefore deny them.

65.    In 2013, Tenet purchased VHS, Inc., which owned DMC Harper-

Hutzel Hospital.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 65 of the Second Amended Complaint and therefore deny them.

66.     DMC, as. a non-profit, was basically sold for free to Tenet in exchange for a promise to spend $850 million on infrastructure improvements and to improve the quality of care at the hospitals in Detroit, Michigan.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 66 of the Second Amended Complaint and therefore deny them.

67.     Tenet has breached its end of the bargain and Michigan leadership has failed to hold them accountable.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 67 of the Second Amended Complaint and therefore deny them.

68.     Michigan residents who rely on hospital care have been unnecessarily exposed to the unsafe conditions created by corporate greed, and front-line heroes have been hurt and retaliated against by Tenet.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 68 of the Second Amended Complaint and therefore deny

4867-5070-8270.1 / 024778-1679

them.

69.    Defendant Tenet has been taking millions of dollars out of Detroit and laughing all the way to the bank. This money is spent on other Tenet projects, or just lines the pockets of its executives.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 69 of the Second Amended Complaint and therefore deny them.

70.    On June 29, 2021, the United States Congress sent a letter to the Chief Executive Officer of Tenet to investigate the abuses committed by Tenet's leadership, which includes:

a.    Tenet's top executives profited greatly from the Covid-19 public health emergency. In Fiscal Year 2020, Tenet posted an annual . . profit of more than $3 .1 billion, even after completing a $1.1 billion acquisition of 45 ambulatory surgery centers, leading to a five-fold increase in Tenet's share price.

b.    The CEO of Tenet received almost $16. 7 million in total compensation, and he bragged about donating three (3) months of his funds to help Tenet employees, which appears to be little more than a gesture because his donations allegedly . totaled only $360,000.00.

c.    Congress stressed that the apparent greed of Tenet Healthcare during an unprecedented public health emergency economic crisis is astounding, particularly in light of the billions in taxpayer assistance received by Defendant Tenet.

2021.06.29 Letter to Tenet Healthcare re MA Nurses Strike and COVID Profits.pdf (senate.gov)

**ANSWER:** Crothall Defendants lack knowledge or information regarding the

allegations of Paragraph 70 of the Second Amended Complaint and therefore deny them.

71.     The Legacy DMC Monitoring Board was set up in 2011 to ensure Tenet complied with its promises to invest in the DMC. The Legacy DMC Board struggled and was unable to enforce any Tenet breaches because they had no tools to hold Tenet accountable. Tenet ignored repeated concerns about patient safety concerns raised by the Legacy DMC Board.



**DMC failing to maintain hospitals, keep commitments, watchdog board says**

Karen Bouffard
The Detroit News

Published 4:54 p.m. ET June 26, 2020 | Updated 8:49 p.m. ET June 26, 2020

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 71 of the Second Amended Complaint and therefore deny them.

72.     Much of the money that Defendants Tenet/DMC receive comes from state and federal Medicare and Medicaid funds. Those funds are regulated pursuant

25

to state and federal law.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 72 of the Second Amended Complaint and therefore deny them.

73.     Tenet has a history of violating the law in order to enrich the company, its owners and Tenet hospitals.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 73 and therefore deny them.

74.     Tenet's motives and actions of unethical behavior of "cheating" and paying fines every few years is a way that they make millions.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 74 of the Second Amended Complaint and therefore deny them.

75.     In 2006, Tenet agreed to pay the Department of Justice ("DOJ") $725 million to settle allegations of illegal Medicare payments to Tenet hospitals and entered into a 5-year corporate integrity agreement that required the company to provide financial reports to the government.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 75 of the Second Amended Complaint and therefore deny them.

4867-5070-8270.1 / 024778-1679

76.     In 2012, Tenet agreed to pay $42.75 million to resolve allegations that it violated the False Claims Act by overbilling Medicare.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 76 of the Second Amended Complaint and therefore deny them.

77.     In September 2016, Tenet entered into a "Settlement Agreement" and Non-Prosecution Agreement ("NPA") with the United States and certain states. It agreed to pay a $514 million dollar fine for engaging in healthcare fraud by making false claims for public funds under a kickback scheme relating to certain alleged medical services.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 77 of the Second Amended Complaint and therefore deny them.

78.     In addition, in January 2017, the DOJ indicted the Tenet Healthcare Senior VP of Operations, John Holland, on four (4) counts of fraud. The indictment states that Holland and others were part of a larger scheme to "unlawfully enrich themselves, Tenet, and the Tenet Hospitals" by engaging in fraud. Specifically, it was alleged that Mr. Holland sidestepped Tenet's internal accounting controls to bribe clinicians and pay illegal kickbacks to clinics in Georgia and South Carolina that referred pregnant patients on Medicaid to Tenet hospitals. The scheme allegedly

4867-5070-8270.1 / 024778-1679

helped Tenet bill Medicaid programs for more than $400 million.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 78 of the Second Amended Complaint and therefore deny them.

79.    In September 2017, several more charges were brought against Mr. Holland. The latest indictment charged Holland with conspiracy to violate the federal Anti-Kickback Statute, wire fraud and falsification of books and records.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 79 of the Second Amended Complaint and therefore deny them.

80.    As part of the various agreements Tenet has entered into with the U.S. government, they are **required to "self-report" any violations of law or regulations and any questionable conduct.** Senior management, including these executive Defendants, have failed to do so and have blatantly allowed legal violations to occur in order to generate more income by cutting medically necessary support and services and allowing unnecessary medical procedures, among other things.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 80 of the Second Amended Complaint and therefore deny them.

28

81.     Tenet has been very clear that its sole goal is to make a profit, as stated publicly by Tenet CEO Ron Rittenmeyer:

> "We're in the business to make a profit - number 1 ... That's our job, so we're always going to be looking to reduce costs. That's just the facts."[1]

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 81 of the Second Amended Complaint and therefore deny them.

82.     In March of 2019, Tenet CEO Rittenmeyer announced the following:

Rittenmeyer also announced Tenet has set a new goal of achieving $200 million in new run-rate cost savings by the end of this year after exiting 2018 with $250 million in run-rate cost savings, bringing Tenet to $450 million in cost savings in a little over two years.

        Tenet in exclusive talks over potential Conifer deal | Modern Healthcare

_____

[1] Tenet Healthcare Plans to Outsource 1,000+ Positions to Cut Costs (revcycleintelligence.com)

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 82 of the Second Amended Complaint and therefore deny them.

83.     Defendants Compass/Crothall and Tenet are a match made in hell, and they have been working together for many years:

> "Having been Tenet's largest outsourcing partner for many years, we

are very pleased to expand this successful relationship," said Craig Holmes, HHS chief executive officer. "With our specialized expertise and focus on environmental services, we complement each hospital's management team and enable them to maintain their focus on clinical healthcare."

"We look forward to this increased role with, Tenet," said Graeme Crothall, president of Crothall Healthcare. "The addition of these hospitals to our roster is a vote of confidence in our ability to provide the levels of quality and service that Tenet expects."

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 83 of the Second Amended Complaint for the reason that they are untrue.

84.    Plaintiffs will demonstrate how Defendants worked together to cut essential spending, which resulted in unsafe conditions at the hospitals.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 84 of the Second Amended Complaint for the reason that they are untrue.

85.    While Defendants refused to pay for basic supplies to keep the hospital safe and clean, evidence will show how Defendants' leadership enriched themselves at the expense of their patients, the general public and employees.



**ANSWER:** Crothall Defendants deny the allegations of Paragraph 85 of the Second Amended Complaint, to the extent any allegation is directed at them, for the reason that they are untrue.

86.     Defendant Tenet is a for-profit company.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 86 and therefore deny them.

87.     Defendant Tenet's primary mission is to make money for its shareholders. That is not controversial but for the fact that they make money at the expense of patient and public safety, which is against the law.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 82 of the Second Amended Complaint and therefore deny them.

## TENET HIRES CROTHALL/COMPASS

88.     In late September 2019, Defendant Tenet hired Defendant Crothall to

take over Environmental Service operations at DMC from Sodexo.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations regarding Tenet's prior environmental services provider in Paragraph 88 of the Second Amended Complaint and therefore deny them. Crothall Defendants admit that they began providing environment services at Harper-Hutzel Hospital and other DMC hospitals beginning in November 2019.

89.    Defendant Tenet hired Defendants Compass/Crothall to implement cost-savings, which resulted in abusive tactics causing unsanitary hospital conditions.

**ANSWER:** Crothall Defendants deny any assertion that they caused abusive tactics or unsanitary hospital conditions. Crothall Defendants lack knowledge or information regarding the remaining allegations of Paragraph 89 of the Second Amended Complaint and therefore deny them.

90.    Defendants conspired to work together to squeeze every penny out of the DMC/Detroit community to send the profits to their corporate headquarters.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 90 of the Second Amended Complaint for the reason that they are untrue.

91.    Defendants have set up five star and beautiful websites to give the impression that they are compliant with laws and safety regulations. This is a sham.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 91 of the

32

Second Amended Complaint for the reason that they are untrue.

92.    Defendants have set up websites and hotlines for compliance, which are also a sham.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 92 of the Second Amended Complaint for the reason that they are untrue.

93.    Contrary to their websites and written policies, Defendants have a reputation, history, and modus operandi of terminating employees and contractors who dare to speak up about safety concerns.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 93 of the Second Amended Complaint for the reason that they are untrue.

94.    They also have a history of putting together sham employee reviews to justify terminations of good employees.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 94 of the Second Amended Complaint for the reason that they are untrue.

### Plaintiffs Report Violations of the Law Which Compromised <u>Patient Safety and Employee safety</u>

95.    Throughout the course of their relationships with Defendants, Plaintiffs reported multiple, significant violations of the law at Harper Hutzel Hospital to Defendants Tenet, Tenet ethics & compliance, DMC leadership, and Defendant Tenet executives and management.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the

33

allegations of Paragraph 95 of the Second Amended Complaint and therefore deny them.

96.     Plaintiffs would report issues and violations in person, by email, by phone, and even by text. Here is one example relating to lack of supplies and the photos below were taken on **multiple** days:



**ANSWER:** Crothall Defendants deny the allegations of Paragraph 96 of the Second Amended Complaint for the reason that they are untrue.

97.     On several occasions, there were no rags or mops to use for cleaning and Plaintiffs were told to use "Brawny" paper towel to clean and sanitize.

4867-5070-8270.1 / 024778-1679



**ANSWER:** Crothall Defendants deny the allegations of Paragraph 97 of the Second Amended Complaint for the reason that they are untrue.

98.    It was very common to be out of mandated hospital-grade cleaning solutions, rags, mops, and other essential supplies.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 98 of the Second Amended Complaint for the reason that they are untrue.

99.    Throughout the course of their relationships with Defendants, Plaintiffs reported multiple, significant violations of law at Harper Hutzel hospital to Defendants Compass, Crothall, Compass leadership and Crothall leadership. Plaintiffs refused to acquiesce in these violations.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 99 of the Second Amended Complaint for the reason that they are untrue.

100.   Throughout the course of their relationships with Defendants, Plaintiffs reported multiple, significant violations of the law at Harper Hutzel hospital to the Michigan Occupational Safety and Health Administration, Tenet Ethics & Compliance, Crothall Health and Safety Committee, Convercent, Tenet, Tenet compliance, DMC leadership, and Defendant Tenet executives and management.

Plaintiffs refused to acquiesce in these violations.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 100 of the Second Amended Complaint as alleged against the other named Defendants and therefore deny them. Crothall Defendants deny the allegations of Paragraph 100 of the Second Amended Complaint directed toward them for the reason that they are untrue.

101.   Plaintiffs reported concerns about operating rooms being unsanitary and Defendants prioritized saving money to the point that it created an unsafe hazard at the hospital.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 101 of the Second Amended Complaint for the reason that they are untrue.

102.   Plaintiffs reported that blood and urine were not properly sanitized due to the extreme cost-cutting measures mandated by Defendants. Here is one example of an operating room where newborn babies are delivered by c-section, which has not been properly sanitized since Tenet awarded the work to Compass/Crothall in late 2019. It is outrageous that Defendants knowingly allow c-sections to be performed in unsanitary operating rooms. Defendants bill millions of dollars to Medicare and Medicaid and violate the trust of all of their patients when they keep doing business this way. Even after they have been *given so many chances to fix the problems* in their Detroit hospitals, they continue to get away with it. It is clear that

36

these Wall Street outside investors do not care about this community-they only want the money:



**ANSWER:** Crothall Defendants deny the allegations of Paragraph 102 of the Second Amended Complaint for the reason that they are untrue.

103.   Photos taken on separate dates in late 2021 and this year (2022) show that the mandatory terminal cleaning was not being conducted as required in the operating rooms, causing babies and mothers to be subjected to unsanitary conditions created by Defendants who bill Medicaid and Medicare as if they are operating a clean and safe hospital.



**ANSWER:** Crothall Defendants deny the allegations of Paragraph 103 of the Second Amended Complaint for the reason that they are untrue.

104.   Plaintiffs complained to Defendants repeatedly about the safety issues and Defendants either ignored them or just gave excuses.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 104 of the Second Amended Complaint for the reason that they are untrue.

105.   The lack of supplies to clean patient rooms and operating rooms was shockingly outrageous, and in some instances, possibly criminal.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 105 of the Second Amended Complaint for the reason that they are untrue.

106.   Since the Plaintiffs have been terminated from their employment, evidence will show that Defendants are now scrambling to try and cover-up these

4867-5070-8270.1 / 024778-1679

systemic violations caused by corporate greed. Defendants are working together to falsify facts on the ground.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 106 of the Second Amended Complaint for the reason that they are untrue.

107.  Defendants' CEOs and/or upper level management are working hard to cover-up this outrageous situation. As of last week, they are conducting site visits and conferring together to cover-up issues about which Plaintiffs complained.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 107 of the Second Amended Complaint for the reason that they are untrue.

108.  Prior to being terminated, Plaintiffs began to take their concerns up the management chain and to OSHA.

**ANSWER:** Crothall Defendants lack knowledge or information regarding Plaintiffs' allegation regarding communications with OSHA in Paragraph 108 of the Second Amended Complaint and therefore deny them. Crothall Defendants deny the remaining allegations of Paragraph 108 of the Second Amended Complaint for the reason that they are untrue.

109.  Plaintiffs filed complaints with OSHA about the lack of supplies. Below are two such examples:

4867-5070-8270.1 / 024778-1679

**ANSWER:** To the extent Paragraph 109 of the Second Amended Complaint asserts that Plaintiffs lacked supplies during their employment with Defendant Crothall, the Crothall Defendants deny the allegations. Crothall Defendants lack knowledge or information regarding the remaining allegations of Paragraph 109 and therefore deny them.

110. Plaintiffs filed complaints with OSHA about Defendants Compass/Crothall not providing PPE n95 masks to front line employees:

40

**ANSWER:** To the extent Paragraph 110 of the Second Amended Complaint asserts that Plaintiffs did not receive N95 masks as required during their employment with Defendant Crothall, the Crothall Defendants deny the allegations. Crothall Defendants lack knowledge or information regarding the remaining allegations of Paragraph 110 and therefore deny them.

111. As a result of Plaintiffs' complaints to OSHA, Defendants Crothall/Compass were recently fined by OSHA.

**ANSWER:** Crothall Defendants lack knowledge or information regarding Plaintiffs' allegations regarding their communications with OSHA in paragraph 111 of the Second Amended Complaint and therefore deny them. Crothall Defendants admit only that they paid a fine issued by OSHA. Crothall Defendants deny the remaining allegations of Paragraph 111 for the reason that they are untrue.

112. The fine upset Defendants and the retaliation and mission to terminate

41

Plaintiffs became Defendants' main focus.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 112 of the Second Amended Complaint for the reason that they are untrue.

113. Sadly, Defendants paid the fine and continued business as usual.

**ANSWER:** Crothall Defendants admit only that they paid a fine issued by OSHA but deny the remaining allegations of Paragraph 113 of the Second Amended Complaint for the reason that they are untrue.

114. Plaintiffs reported *pesticide roach, mouse, and ratproblem*[sic] to Defendants and asked that they provide proper solutions, but instead Defendants retaliated against Plaintiffs with false accusations - they accused Plaintiffs of not cleaning their assigned areas.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 114 of the Second Amended Complaint for the reason that they are untrue.

115. Defendants have cut all pesticide and exterminator services and problems with pests, mice, and rats have been reported by numerous employees, including Plaintiffs, some of whom have also been retaliated against and fired.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 115 of the Second Amended Complaint, to the extent any allegations are directed toward them, for the reason that they are untrue.

116. Defendants conspired and worked together to implement the extreme

cost-cutting measures and anyone who dared to speak out about legitimate concerns was subject to retaliation, including Plaintiffs.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 116 of the Second Amended Complaint for the reason that they are untrue.

117.   Instead of complying with the law, Defendant Tenet would rather pay fines and settlements as their cost of doing business.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 117 of the Second Amended Complaint and therefore deny them.

118.   For several years, the Detroit community has had to endure lies from Tenet DMC about how safety is their number one concern. The reality is that they are habitual violators of the law and have breached their responsibility to run sanitary hospitals in Michigan.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 118 of the Second Amended Complaint and therefore deny them.

119.   For years, Defendant Tenet has put on a show like they are fixing the problems, but in reality, they do nothing to fix the safety problems and refuse to spend money on Detroit, opting instead to send it to Dallas.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the

allegations of Paragraph 119 of the Second Amended Complaint and therefore deny them.

120. A CMS certificate of participation requires hospitals to represent that their hospitals meet all safety and sanitary requirements in order to bill Medicare.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 120 of the Second Amended Complaint and therefore deny them.

121. State Medicaid requires a certificate of participation that the hospitals meet safety and sanitary requirements in order to bill Medicaid and Medicare.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 121 of the Second Amended Complaint and therefore deny them.

122. Defendants' improper and fraudulent conduct at the DMC Harper Hutzel reported by Plaintiffs, includes, but is not limited to:

    a.    Operating and billing Medicare and Medicaid for procedures knowing that the surgical equipment, operating rooms, and patient rooms were not sterile as required as part of the Certification of Participation;

    b.    Knowingly putting patients, employees, and visitors at risk of contracting life-threatening diseases;

    c.    Knowingly submitting claims for payments to CMS and the State of Michigan that were false and/or fraudulent;

    d.    Knowingly violating safety rules for hospitals, including among others, OSHA, CDC, CMS, fire hazards, and more;

    e.    Knowingly falsifying employee training records and tests/certifications;

|   | f. | Violating Covid-19 protocols; |
|---|----|-------|
|   | g. | Falsifying Certification requirements to bill Medicare and Medicaid; |
|   | h. | Falsifying safety pledges; |
|   | i. | Knowingly operating a hospital without enough supplies to meet safety standards and rules; and |
|   | j. | Knowingly operating a hospital without proper working equipment to meet safety standards and rules. |

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 122, including subparts (a) – (j), of the Second Amended Complaint for the reason that they are untrue.

123.   Defendants Tenet/VHS have breached the promise to invest in the DMC system as required when they purchased the hospital system for <u>free</u> in exchange for a promise to upgrade the infrastructure, and improve the quality of healthcare.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 123 of the Second Amended Complaint and therefore deny them.

124.   Local leadership and regulatory agencies have given a pass to the DMC because they view it as too big to fail. In reality, Defendant Tenet is sucking out all of the money and profits and either ignores or manipulates all of the regulators.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 124 of the Second Amended Complaint and therefore deny them.

45

125.   A quick review of history from local news makes this point. In 2018, Harper Hospital was cited for safety concerns:



**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 125 of the Second Amended Complaint and therefore deny them.

126.   In this case, Plaintiffs will demonstrate that the conditions cited above have continued and, in some areas, have gotten worse.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 126 of the Second Amended Complaint for the reason that they are untrue.

46

127.  When LARA (the State of Michigan regulation department), JHACO, OSHA, or other inspectors visited Harper Hutzel Hospital, Defendants worked together to ensure the problem areas in the hospital were not disclosed to inspectors. Housekeeping staff were instructed to help put on a show of compliance when in reality, inspectors were kept away from areas that would reveal problems.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 127 of the Second Amended Complaint for the reason that they are untrue.

128.  Leaks are a constant problem in operating rooms and patient areas because Tenet fails to honor its commitment to spend enough money to improve the hospital infrastructure pursuant to their purchase obligations:

 

4867-5070-8270.1 / 024778-1679

 

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 128 of the Second Amended Complaint for the reason that they are untrue.

129.   Defendants have a history of using retaliation to silence good doctors, good nurses, good housekeepers, and good employees who speak up when safety issues need to be fixed.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 129 of the Second Amended Complaint for the reason that they are untrue.

130.   In 2019, Tenet lost a trial and was required to pay over $11 million dollars to heart doctors who worked at this same hospital (in this case Harper Hutzel), and these doctors raised concerns about patient safety and reckless cost-cutting, which impacted patient safety.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 130 of the Second Amended Complaint and therefore deny

4867-5070-8270.1 / 024778-1679

them.

131.    In 2020, during the Covid 19 pandemic, while Defendants gave lip service to frontline heroes, they knowingly failed to spend money to follow Covid-19 protocols to protect nurses, doctors, and patients:



- Former nurses and employees at Tenet-owned Detroit Medical Center's Sinai-Grace hospital filed a lawsuit Tuesday in Wayne County Circuit Court alleging they were fired for bringing attention to staffing and patient safety concerns at the facility during the pandemic.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 131 of the Second Amended Complaint for the reason that they are untrue.

132.    On May 15, 2022, the Detroit News reported that DMC hospital is at risk for violating federal standards:



## 2 DMC hospitals violated federal standards in past two years, state finds

Karen Bouffard
The Detroit News
Published 11:30 p.m. ET May 15, 2022 | Updated 11:52 p.m. ET May 15, 2022.

View Comments

Two Detroit Medical Center hospitals were found to be out of compliance with federal health standards within the last two years, according to the Michigan Department of Licensing and Regulatory Affairs.

Inadequate wound care, improper feeding, lack of nurse supervision and unresponsiveness to patient complaints were among the problems found since Jan. 1, 2020, at Sinai-Grace and Detroit Receiving hospitals, according to a sample of investigative reports obtained by The Detroit News through a public records request.

The federal Centers for Medicaid and Medicare Services (CMS) informed Sinai-Grace Hospital on April 7 that its participation in the federal Medicare and Medicaid programs would be ended on July 7 "due to failure to comply with the applicable requirements for hospitals," according to a letter provided by the Michigan Department of Licensing and Regulatory

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 132 of the Second Amended Complaint and therefore deny them.

133.   On May 18, 2022, the Detroit News reported a DMC hospital possibly losing eligibility for Medicare and loss of participation in Medicaid due to a years-long history of safety problems identified in the regional health care system:

50

## DMC's Receiving Hospital at risk of losing Medicare aid over new problem

 The Detroit News

Published 11:03 p.m. ET May 18, 2022 | Updated 11:03 p.m. ET May 18, 2022

View Comments   

Detroit Medical Center's Detroit Receiving Hospital is at risk of losing its ability to participate in Medicare because of problems state regulators uncovered during a recent inspection, continuing a years-long history of safety problems identified within the regional health care system.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 133 of the Second Amended Complaint and therefore deny them.

130. (sic) Defendants have a long history of being underhanded in making profits and paying fines along the way. This is how Defendants do business. The fines appear large, but they pale in comparison to the profits they make. It is obvious that the fines have not deterred their abhorrent behavior:

a. Tenet has been given numerous chances and has signed numerous Non-Prosecutorial Agreements, which have not stopped the greed:

51



**ANSWER:** Crothall Defendants deny the allegations of Paragraph 130 (sic) of the Second Amended Complaint for the reason that they are untrue.

134.   Across the county, these Defendants are creating dangerous conditions in hospitals by failing to spend money on essential supplies even though Defendants have had record breaking profits.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 134 of the Second Amended Complaint for the reason that they are untrue.

135.   Unions across the country have raised safety concerns regarding Defendants intentionally not buying adequate supplies to clean the hospitals adequately:

    a. In Michigan, the SEIU union has complained about Defendants not
    providing patients with a safe and clean environment:



b. In California, the National Union for Healthcare Workers raised the

alarm about Defendants intentionally not providing adequate supplies

to keep the hospital sanitary:

4867-5070-8270.1 / 024778-1679

We are workers at Los Alamitos Medical Center. We work for Morrison and Crothall, which are subsidiaries of Compass Group, a British multinational contractor that earned $32.7 billion in revenue in 2019. Compass operates in 45 countries and employs 600,000 workers. In North America alone, Compass earned $20.4 billion last year. Compass North America CEO Gary Green earned $7.8 million in 2019.

Tenet Healthcare Corporation is the owner of Los Alamitos Hospital, and contracts with Morrison & Crothall for food and housekeeping services. Tenet is the third-largest investor-owned health system in the U.S., with 65 hospitals. Tenet Earned $18.3 billion in revenue in 2018. Tenet CEO Ronald Rittenmeyer received $14.9 million in compensation in 2018.

### We demand dignity and respect from Morrison and Crothall for ourselves and our patients

- We have suffered from WAGE THEFT; we are not being paid on time or what we're owed. Sometimes we do not have food to put on the table because we don't get a paycheck.



- On a daily basis we don't have enough supplies to keep the hospital clean, which harms patients.

- Food Service employees in Los Alamitos demand the same benefits and pay as other union Compass employees.

- We are reassigned to new work areas, despite our seniority. Which has a negative impact on patient care — not everyone has the same knowledge as long-term employees.

### Help us stand up for our patients and our families!

*This leaflet is not intended to, nor does it ask, any employee to cease work or delivery.*

**NUHW** NATIONAL UNION OF HEALTHCARE WORKERS

NUHW.org | healthcareworkers | @NUHW | nuhw_healthcar





No supplies



4867-5070-8270.1 / 024778-1679

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 135 of the Second Amended Complaint for the reason that they are untrue.

## Defendants Retaliate Against and Terminate Plaintiffs

136.   Around January 2021, Defendants sought more aggressive ways to force Plaintiffs to release their claims, or if necessary, to terminate them from their employment in retaliation for the actions described above.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 136 of the Second Amended Complaint for the reason that they are untrue.

137.   Plaintiffs have made numerous complaints about patient safety concerns and violations of laws and safety rules.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 137 of the Second Amended Complaint for the reason that they are untrue.

138.   Plaintiffs tried to work through local management and when the concerns were ignored, they kept trying to find someone who would listen.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 138 of the Second Amended Complaint for the reason that they are untrue.

139.   Plaintiffs would routinely share common sense information with the managers of Defendants.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 139 of the Second Amended Complaint for the reason that they are untrue.

140.   Defendants' managers would consistently tell Plaintiffs to stop complaining, or they would lose their jobs.  Defendants' managers made it clear that they did not care about patient safety concerns.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 140 of the Second Amended Complaint for the reason that they are untrue.

141.   If any concern required spending money, Defendants would eventually retaliate against Plaintiffs because they spoke up.

**ANSWER:**  Crothall Defendants deny the allegations of Paragraph 141 of the Second Amended Complaint for the reason that they are untrue.

142.   On April 27, 2022, Plaintiff Rhodes sent an email to Tenet and Crothall/Compass leadership:

> I Shenesia Rhodes had the privilege of working as a contracted employee inside of DMC hospitals Sporadically since 2000. I've been a Stellar Employee everyone that crosses my path knows of my deep integrity and compassion for DMC to expand with Success, but unfortunately my complaints about patient safety issues have fallen on deaf ears and I find myself being targeted and retaliated against.
>
> My repeated complaints are intentionally being ignored and dismissed and this is very troubling to say the least. Especially since I am following protocols by bring complaints to leadership and compliance and things keep getting worse. Environmental services is a critical part of any health system. We are the front line employees who are trusted to sterilize and keep the hospital clean for patient and employee safety. DMC and Tenet leadership has had a bad history of having a very bad sanitary environment even though this problem has been around for too long its never fixed and you only cover it up every time a news story surfaces. Crothall who I work for has made it clear that patient safety is not anyone's priority and only costs reductions and profits rule their

56

decisions and that's why they get the business from Tenet.

My complaints are well documented and you have them and are aware of them. I feel like the retaliation against me and other employees who speak up is getting to be to very hostile.

I've witness and engaged in conversations with patients and staff about the fatalities because lack of medical / cleaning supplies .I've requested by email or phone calls and informed my administrators and DmC Corporate. I've called compliance officers , made Tenet Reports on these severe infractions... No one has improved these issues...I've been Afflicted with COVID 19 three times while being forced to go inside rooms that had no signs of COVID or PUI posted from Tenet without a fit test or n95 or any PPE from Crothall Compass to protect me or my child that I exposed to the virus by bringing it home each time.

The more I reported my Valid concerns the more retaliation of bullying with several Suspensions and inappropriate threats with intimidating managers telling me to Leave the Company or Shut Up complaining about Not having Cleaning Supplies.

I believe that this is allowed to happen because DMC is in Detroit and mainly treats vulnerable patient population mainly black and elderly. I don't believe this happens in Dallas. How can leadership sit back knowing that there are not enough sterilization supplies to clean patient rooms and operating rooms. Blood and human remains are cleaned with unclean reusable supplies because supplies are always out of stock or rationed. You have patients being operated on in ORs trusting that they are sterilized and clean when they are not. You have mothers giving birth to new born babies trusting that the ORs are sterilized and clean but they are not.

Ive been stressed and mental exhaustion with the amount of harsh pressure and harassment I am continuously under by Crothall leadership.. I've sacrifice a tremendous part of my Life to provide a Protective Safe Environment for Employees and most of all the Patients of DmC Tenent and Crothall Compass Group Healthcare. If you take patient's money and bill medicare and Medicaid for services then the ORs and hospital rooms must be sterile and clean if they knew that the ORs and rooms were filled with disgusting conditions they would never

pay. You have known that they are not clean and you know that this unsafe condition has caused harm to so many and yet you do nothing to fix it. The retaliation for speaking up has caused my family and I to have a financial debt, Severe Cardiac and Mental Health Problems and my daughter to have a incurable Disease Forever. Because of the profound negligence of ignoring my Plea for Equality to be treated like you would treat your own loved one's. Instead of retaliating against me, I believe you should be calling me to learn more about the dangers your leadership has allowed to fester in the hospital. If you don't take my complaints seriously the contamination of bacteria's, viruses, and diseases will continue to infect the population outside the hospitals and the public will never know why. That's why I am pleading with you to listen instead of harassing and retaliating against me. Please take my complaints seriously it should not be just about money if you want to be in health care then patient safety should always be the number one priority.

**ANSWER:** Crothall Defendants admit that Plaintiffs sent emails to Crothall Defendants' leadership from time to time. Crothall Defendants deny the assertions in the text of the April 27, 2022 email and the allegations of Paragraph 142 of the Second Amended Complaint to the extent they assert that the text is accurate because it is not. Crothall Defendants lack knowledge or information regarding the remaining allegations of Paragraph 142 of the Second Amended Complaint and for that reason deny them.

143. Plaintiff Bonds has endured multiple false accusations from Defendants, some of which were reversed. After the false accusations were reported to Tenet and the National Labor Relations Board, the manger voluntarily voided the suspensions. However, when she began to send complaints to the hospital's management and to Compass mangers at headquarters, the retaliation became

unstoppable, which lead to her wrongful termination.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 143 of the Second Amended Complaint for the reason that they are untrue.

144.   In addition to multiple other complaints made, below is yet another example where Plaintiff Bonds did her best to get the attention of Tenet managers to try and get them to stop violating basic rules and keep the hospital safe and sanitary:

------ Forwarded message ------
From: **Denise Bonds** <denisebonds55@gmail.com>
Date: Fri, May 6, 2022, 5:10 PM
Subject: Re: Update on reports
To: Tenet Ethics Department <Ethics@tenethealth.com>


Dear alva maria
And tenet company

You cannot forward my complaints to Crothall and wash your hands by saying its not your problem. You have known that crothall has saved you money which is your only priority. You have ignored my complaints of unsanitary concerns precovid, drying covid, and even now. Supplies are never adequately available. Your operating rooms are unsanitary. And dangerous to the poor patients who trust you to operate a clean and sanitary hospital. But you intentional put your heads in the sand. You lie to regulators and you bill the federal government alot of money even tough you are aware that you are not compliant with the rules to bill them. Even this week you were in the news again and you respond by telling more lies. This community deserves clean hospitals. Please spend more money on supplies and fix the areas that need to be fixed. When you bought the hospital you promised to run it better than a non profit but the truth is that you only care about profits and nobody else. Please keep your promise that you made.
Denise Bonds

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 144 of the Second Amended Complaint and therefore deny them.

145.   Later, in May 2022, both Plaintiffs were abruptly terminated. As of that

time, and throughout their employment with the Defendants, Plaintiffs had excellent reputations at the hospital.

**ANSWER:** Crothall Defendants admit that Defendant Crothall terminated Plaintiffs' employment in or about May 2022. Crothall Defendants deny the remaining allegations of Paragraph 145 of the Second Amended Complaint for the reason that they are untrue.

### Defendants Retaliate Against Plaintiffs & Pressure Other Employees to Help Cover Up

146.   Based on Plaintiffs' ongoing complaints about fraud and safety while still employed, and because they refused to stay quiet about safety concerns, Defendants became obsessed with terminating Plaintiffs.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 146 of the Second Amended Complaint for the reason that they are untrue.

147.   Defendants used tactics to paint Plaintiffs in a false light.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 147 of the Second Amended Complaint for the reason that they are untrue.

148.   Since Plaintiffs' termination, Defendants are manipulating other employees and threatening their jobs if they do not back-date certain documents. When Plaintiffs wrote concerns about being out of some supplies, Defendants retaliated by suspending Plaintiffs.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 148 of the

4867-5070-8270.1 / 024778-1679

Second Amended Complaint for the reason that they are untrue.

149.    Defendants have recently brought in microfiber mops after terminating Plaintiffs. This is part of the cover-up because they know that investigations are coming.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 149 of the Second Amended Complaint for the reason that they are untrue.

150.    Defendants are currently asking employees to falsify certifications and other documents about supplies, training, past training, and other documents in anticipation of inspections and/or lawsuits.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 150 of the Second Amended Complaint for the reason that they are untrue.

### **Candida Auris fungus a Serious Global Health Threat**

151.    Prior to Plaintiffs being terminated from their employment, they expressed concerns to Defendants; management that they heard that DMC Sinai Grace was dealing with the Candida Auris fungus.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 151 of the Second Amended Complaint for the reason that they are untrue.

152.    Plaintiffs expressed concerns about the dangers being created by the outrageous cuts in supplies that were made by upper level managers. These reckless actions likely increase the chances of this new danger, Candida auris, to survive and

thrive in an unsanitary hospital like Harper Hutzel. Plaintiffs were retaliated against for raising these concerns.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 152 of the Second Amended Complaint for the reason that they are untrue.

153.   According to the CDC, Candida Auris is an emerging fungus that presents a serious global health threat. Candida auris | Candida auris | Fungal Diseases | CDC.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 153 of the Second Amended Complaint and therefore deny them.

154.   As of this week, Plaintiffs as union stewards, have been getting calls from current employees of Defendant Crothall/Compass who are concerned because the DMC nursing staff has stated that *Candida auris* is now being detected at Harper Hutzel Hospital, but none of the Defendants have notified the employees, patients, or visitors who will be exposed to this new danger.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 154 of the Second Amended Complaint regarding calls to Plaintiffs and therefore deny them. Crothall Defendants deny the remaining allegations of paragraph 154 of the Second Amended Complaint for the reason that they are untrue.

4867-5070-8270.1 / 024778-1679

155.   *Candida auris* typically spreads in hospitals and other care facilities through contact with contaminated surfaces or equipment.   However, it can also spread from person to person. People with *Candida* may shed the fungus through their skin cells. To limit the spread of *C. auris,* **cleaning, hygiene, and sanitation are crucial.**

Candida auris: Symptoms, spread, and outbreak risk (medicalnewstoday.com)

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 155 of the Second Amended Complaint and therefore deny them.

## REFUSAL TO TURN OVER
## PERSONNEL RECORDS

156.   Shortly after being terminated, Plaintiffs contacted Defendants Crothall and Compass and requested their personnel records pursuant to the Bullard-Plawecki Employee Right to Know Act, MCL § 423.501, et. seq., in order to obtain their complete personnel records, and any "complaints" and/or "investigations."

**ANSWER:** Crothall Defendants deny the allegations in Paragraph 156 of the Second Amended Complaint for the reason that they are untrue.

157.   MCL §423.510 defines "personnel record" as "a record kept by the employer that identifies the employee, to the extent that the record is used or has been used, or may affect or be used relative to that employee's qualifications for employment, promotion, transfer, additional compensation, or disciplinary action."

63

**ANSWER:** Crothall Defendants deny the allegations in Paragraph 157 of the Second Amended Complaint for the reason that they are untrue.

158.   Defendants refused Plaintiffs' request.

**ANSWER:** Crothall Defendants deny the allegations in Paragraph 158 of the Second Amended Complaint for the reason that they are untrue.

159.   Plaintiffs were forced to file this lawsuit to obtain their personnel records pursuant to MCL § 423.501, *et. seq.* Desperate to keep the "investigation" away from them, Defendants sought and continue to seek to make false public statements about Plaintiffs with regard to an "investigation" and "violations" while refusing to hand over any evidence thereof.

**ANSWER:** Crothall Defendants deny the allegations in Paragraph 159 of the Second Amended Complaint for the reason that they are untrue.

160.   Defendants have also refused to turn over their investigation into Plaintiffs' complaints about safety violations, lack of supplies, fraudulent documentation, false documentation, false training, violations of OSHA rules, violation of CMS rules, violations of CDC rules, and other violations.

**ANSWER:** Crothall Defendants deny the allegations in Paragraph 160 of the Second Amended Complaint for the reason that they are untrue.

161.   For all the foregoing reasons, Plaintiffs demand judgment against Defendants jointly and severally as follows:

## A.    LEGAL RELIEF

1.    Economic, noneconomic and compensatory damages in whatever amount they are found to be entitled;

2.    Exemplary damages in whatever amount they are found to be entitled;

3.    Punitive damages in whatever amount they are found to be entitled;

4.    Statutory damages, and common law damages;

5.    Liquidated damages, treble damages, and double damages in whatever amount they are found to be entitled;

6.    An award of interest, costs and reasonable attorney fees;

7.    Plaintiff is entitled to compensatory, exemplary, punitive, and treble damages;

8.    Compensatory damages in whatever amount Plaintiffs are found to be entitled to.

9.    Judgment for lost wages, past and future, in whatever amount Plaintiffs are found to be entitled to;

10.    An award for the value of lost fringe and pension benefits, past and future;

11.    Mental Distress Damages;

12.    Emotional Distress Damages; and

13.    The damages available include compensation for psychological injuries such as humiliation, embarrassment, outrage, disappointment, and mental anguish that have resulted from the discrimination.

4867-5070-8270.1 / 024778-1679

**B.    EQUITABLE RELIEF**

1.    An order from this Court placing Plaintiffs in the position they would have been in had there been no wrongdoing by Defendants, including reinstatement with back pay;

2.    An injunction out of this Court prohibiting any further acts of wrongdoing by Defendants;

3.    An Order requiring Defendants to immediately produce Plaintiffs' personnel records;

4.    An award of interest, costs and reasonable attorney fees; and

5.    Whatever other equitable relief appears appropriate at the time of final judgment.

**ANSWER:** Crothall Defendants deny that they are liable or that Plaintiffs are entitled to relief as alleged in Paragraph 161 of the Second Amended Complaint.

## <u>COUNT I</u>

## VIOLATION OF THE MICHIGAN MEDICAID FALSE CLAIMS ACT, MCL § 400.610c (as to all Defendants)

162.    Plaintiffs repeat and re-allege each and every preceding paragraph as if fully set forth herein.

**ANSWER:** Crothall Defendants restate and incorporate, as if fully set forth herein, its answers to Paragraphs 1-161 of Plaintiffs' Second Amended Complaint.

163.    The Michigan Medicaid False Claims Act ("Michigan Medicaid FCA") is an act "to prohibit fraud in the obtaining of benefits or payments in connection with the medical assistance program; to prohibit kickbacks or bribes in connection

66

with the program; to prohibit conspiracies in obtaining benefits or payments; ... to provide for civil actions to recover money received by reason of fraudulent conduct; ... to prohibit retaliation; to provide for certain civil fines; and to prescribe remedies and penalties." Michigan Medicaid False Claim Act 72 of 1977.

**ANSWER:** Crothall Defendants admit the preamble of the Michigan Medical False Claim Act contains the language quoted in Paragraph 163 of the Second Amended Complaint. Crothall Defendants deny that they violated the Michigan Medical False Claim Act as alleged by Plaintiffs or in any other manner.

164. Additionally, "[a]n employer shall not discharge, demote, suspend, threaten, harass, or in any other manner, discriminate against an employee in the terms and conditions of employment because the employee engaged in lawful acts, including initiating, assisting in, or participating in the furtherance of an action under this act or because the employee cooperates with or assists in an investigation under this act." MCL § 400.610c.

**ANSWER:** Crothall Defendants admit MCL § 400.610c contains the language quoted in Paragraph 164 of the Second Amended Complaint. Crothall Defendants deny that they violated the Michigan Medical False Claim Act as alleged by Plaintiffs or in any other manner.

165. An employer who violates this section is liable to the employee for all of the following:

(a) Reinstatement to the employee's position without loss of seniority;

(b) Two times the amount of lost back pay;

(c) Interest on the back pay;

(d) Compensation for any special damages; and

(e) Any other relief necessary to make the employee whole. MCL § 400.610c(2).

**ANSWER:** Crothall Defendants admit MCL § 400.610c(2) contains the language in Paragraph 165 of the Second Amended Complaint. Crothall Defendants deny that they violated the Michigan Medical False Claim Act as alleged by Plaintiffs or in any other manner.

166. As employees, Plaintiffs took lawful acts in furtherance of an action under the Michigan Medicaid FCA.

**ANSWER:** Crothall Defendants deny the allegations in Paragraph 166 of the Second Amended Complaint for the reason that they are untrue.

167. Defendants acted in concert with one another and with others, specifically but not limited to various corporate officers both at Crothall/Compass and Tenet/VHS, by design and purposely so as to retaliate against Plaintiffs by intentionally, maliciously and with reckless disregard for the truth of information, they acted upon removing and terminating Plaintiffs.

**ANSWER:** Crothall Defendants deny the allegations in Paragraph 167 of the

Second Amended Complaint for the reason that they are untrue.

168. As a direct and proximate cause of Defendants' conduct, Plaintiffs have suffered damages including, loss of career opportunities and emotional distress, including, but not limited to, embarrassment, humiliation and outrage.

Plaintiffs demand judgment against all of the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgment against each of said Defendants, jointly and severally, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**ANSWER:** Crothall Defendants deny the allegations in Paragraph 168 of the Second Amended Complaint for the reason that they are untrue.

169. For all the foregoing reasons, Plaintiffs demand judgment against Defendants jointly and severally as follows:

**A. LEGAL RELIEF**

1. Economic, noneconomic and compensatory damages in whatever amount they are found to be entitled;

2. Exemplary damages in whatever amount they are found to be entitled;

3. Punitive damages in whatever amount they are found to be entitled;

4. Statutory damages, and common law damages;

5. Liquidated damages, treble damages, and double damages in whatever amount they are found to be entitled;

4867-5070-8270.1 / 024778-1679

6.      An award of interest, costs and reasonable attorney fees;

7.      Plaintiff is entitled to compensatory, exemplary, punitive, and treble damages;

8.      Compensatory damages in whatever amount Plaintiffs are found to be entitled to.

9.      Judgment for lost wages, past and future, in whatever amount Plaintiffs are found to be entitled to;

10.     An award for the value of lost fringe and pension benefits, past and future;

11.     Mental Distress Damages;

12.     Emotional Distress Damages; and

13.     The damages available include compensation for psychological injuries such as humiliation, embarrassment, outrage, disappointment, and mental anguish that have resulted from the discrimination.

**B.     EQUITABLE RELIEF**

1.      An order from this Court placing Plaintiffs in the position they would have been in had there been no wrongdoing by Defendants, including reinstatement with back pay;

2.      An injunction out of this Court prohibiting any further acts of wrongdoing by Defendants;

3.      An Order requiring Defendants to immediately produce Plaintiffs' personnel records;

4.      An award of interest, costs and reasonable attorney fees; and

5.      Whatever other equitable relief appears appropriate at the time of final judgment.

**ANSWER:** Crothall Defendants deny that they are liable or that Plaintiffs are entitled to relief as alleged in Paragraph 169 of the Second Amended Complaint.

## COUNT II

### VIOLATION OF THE RETALIATION PROVISION OF THE FALSE CLAIMS ACT, 31 U.S.C. § 3730(h) (as to all Defendants)

170. Plaintiffs repeat and re-allege each and every preceding paragraph as if fully set forth herein.

**ANSWER:** Crothall Defendants restate and incorporate, as if fully set forth herein, its answers to Paragraphs 1-169 of Plaintiffs' Second Amended Complaint.

171. The retaliation provision of the False Claims Act ("FCA") protects any employee, contractor or agent from being "discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter." 31 U.S.C. § 3730(h)(l).

**ANSWER:** Crothall Defendants admit 31 U.S.C. § 3730(h)(l) contains the language quoted in Paragraph 171 of the Second Amended Complaint. Crothall Defendants deny that they violated the False Claims Act as alleged by Plaintiffs or in any other manner.

172. On numerous occasions, Plaintiffs engaged in lawful acts, as set forth in more detail above, in an effort to stop 1 or more violations of the FCA, including

4867-5070-8270.1 / 024778-1679

but not limited to, 31 U.S.C. §§ 3729(a)(l)(B), 3729(a)(l)(G), 3729(a)(l)(A) and 3729(a)(l)(C), by the Defendants.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 172 of the Second Amended Complaint for the reason that they are untrue.

173.   The Government, unaware of the falsity of the records, statements and claims made or caused to be made by Defendants, paid and continues to pay the claims that would not be paid but for the Defendants' illegal conduct.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 173 of the Second Amended Complaint for the reason that they are untrue.

174.   Defendants are contractors and subcontractors who benefit from Medicare payments.

**ANSWER:** Crothall Defendants lack information or knowledge regarding the other named Defendants' contractual status and alleged benefits from Medicare payments. Crothall Defendants deny the remaining allegations of Paragraph 174 of the Second Amended Complaint for the reason that they are untrue.

175.   Defendant Tenet and its subsidiaries have tried to play ignorant about how the extreme cost-cutting measures have created unsafe environments at the DMC hospitals.

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 175 of the Second Amended Complaint and therefore deny

them.

176.   Defendants acted in concert with one another and with others, specifically but not limited to various corporate officers both at Crothall/Compass and Tenet/VHS, by design and purposely so as to falsely and knowingly provided deficient and inadequate services by allowing outrageous unclean and unsanitary operating rooms, patient rooms to fester in blood pathogens, urine, broken equipment, and unsafe and other noncompliant conditions.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 176 of the Second Amended Complaint for the reason that they are untrue.

177.   Defendants worked together to withhold necessary supplies/equipment to sanitize the hospital because of their greed.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 177 of the Second Amended Complaint for the reason that they are untrue.

178.   Defendants have violated and fail to meet the requirements outlined by CMS for Certification of Participation.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 178 of the Second Amended Complaint for the reason that they are untrue.

179.   Defendants have known about the complaints of lack of supplies and unsanitary conditions and they falsely represent otherwise to CMS and government payors.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 179 of the Second Amended Complaint for the reason that they are untrue.

180.   As a direct and proximate cause of Defendants' conduct of improperly retaliating against, investigating and terminating Plaintiffs, they have suffered damages including, but not limited to, loss of their jobs and income, loss of career opportunities, emotional distress, including but not limited to, embarrassment, humiliation and outrage.

Plaintiffs demand judgment against all of the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgment against each of said Defendants, jointly and severally, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 180 of the Second Amended Complaint for the reason that they are untrue.

181.   For all the foregoing reasons, Plaintiffs demand judgment against Defendants jointly and severally as follows:

**A.    LEGAL RELIEF**

1.    Economic, noneconomic and compensatory damages in whatever amount they are found to be entitled;

2.    Exemplary damages in whatever amount they are found to be entitled;

3.    Punitive damages in whatever amount they are found to be entitled;

4867-5070-8270.1 / 024778-1679

4.      Statutory damages, and common law damages;

5.      Liquidated damages, treble damages, and double damages in whatever amount they are found to be entitled;

6.      An award of interest, costs and reasonable attorney fees;

7.      Plaintiff is entitled to compensatory, exemplary, punitive, and treble damages;

8.      Compensatory damages in whatever amount Plaintiffs are found to be entitled to.

9.      Judgment for lost wages, past and future, in whatever amount Plaintiffs are found to be entitled to;

10.     An award for the value of lost fringe and pension benefits, past and future;

11.     Mental Distress Damages;

12.     Emotional Distress Damages; and

13.     The damages available include compensation for psychological injuries such as humiliation, embarrassment, outrage, disappointment, and mental anguish that have resulted from the discrimination.

## B.     EQUITABLE RELIEF

1.      An order from this Court placing Plaintiffs in the position they would have been in had there been no wrongdoing by Defendants, including reinstatement with back pay;

2.      An injunction out of this Court prohibiting any further acts of wrongdoing by Defendants;

3.      An Order requiring Defendants to immediately produce Plaintiffs' personnel records;

4.      An award of interest, costs and reasonable attorney fees; and

5.      Whatever other equitable relief appears appropriate at the time of final judgment.

**ANSWER:** Crothall Defendants deny that they are liable or that Plaintiffs are entitled to relief as alleged in Paragraph 181 of the Second Amended Complaint.

## COUNT III

### VIOLATION OF THE BULLARD-PLAWECKI EMPLOYEE RIGHT TO KNOW ACT, MCL § 423.501, et. seq. (as to Defendants Compass and Crothall)

182. Plaintiffs repeat and re-allege each and every preceding paragraph as if fully set forth herein.

**ANSWER:** Defendants restate and incorporate, as if fully set forth herein, its answers to Paragraphs 1-181 of Plaintiffs' Second Amended Complaint.

183.   At all times material hereto, Plaintiffs were employees and Defendants Crothall/Compass was an employer covered by and within the meaning of the Bullard-Plawecki Employee Right to Know Act, MCL § 423.501, et. seq.

**ANSWER:** Crothall Defendants admit Defendant Crothall employed Plaintiffs from the initiation of their services contract with Tenet in November 2019 through each Plaintiff's effective date of termination. Crothall Defendants deny the remaining allegations of Paragraph 183 of the Second Amended Complaint for the reasons that they are untrue.

4867-5070-8270.1 / 024778-1679

184.   The primary purpose of the Bullard-Plawecki Employee Right to Know Act ("the Act") is to establish an employee's right to examine his personnel records, i.e. "the documents that are being kept by the employer concerning that employee."

**ANSWER:** Crothall Defendants admit that MCL 423.501 includes the language quoted in Paragraph 184 in the Second Amended Complaint. Crothall Defendants deny that they violated the Bullard-Plawecki Employee Right to Know Act as alleged by Plaintiffs or in any other manner.

185.   Per the Act, "Employer" means an individual, corporation, partnership, labor organization, unincorporated association, the state, or an agency or a political subdivision of the state, or any other legal, business, or commercial entity which has 4 or more employees and includes an agent of the employer. MCL § 423.501(2)(b).

**ANSWER:** Crothall Defendants admits the cited statute contains the language included in the allegations of Paragraph 185 of the Second Amended Complaint. Crothall Defendants deny that they violated the Bullard-Plawecki Employee Right to Know Act as alleged by Plaintiffs or in any other manner.

186.   Per the Act, "Personnel record" means a record kept by the employer that identifies the employee to the extent that the record is used or has been used, or may affect or be used relative to that employee's qualifications for employment, promotion, transfer, additional compensation, or disciplinary action. MCL § 423.501(2)(c).

4867-5070-8270.1 / 024778-1679

**ANSWER:** Crothall Defendants admits the cited statute contains the language included in the allegations of Paragraph 186 of the Second Amended Complaint. Crothall Defendants deny that they violated the Bullard-Plawecki Employee Right to Know Act as alleged by Plaintiffs or in any other manner.

187.   Plaintiffs repeatedly requested, but were denied by Defendants, access to a complete copy of their employment records.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 187 of the Second Amended Complaint for the reason that they are untrue.

188.   To date, Defendants and its employees continue to willfully fail and/or refuse to comply with the Act and Plaintiffs' demands for a complete copy of their personnel record(s), including the "internal report."

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 188 of the Second Amended Complaint for the reason that they are untrue.

189.   Specifically, Defendants, while refusing to provide Plaintiffs with a copy of the "internal report" or their personnel record(s), have casted Plaintiffs in a negative light through its statements - those made publicly and the union - regarding the cause for Plaintiffs' termination, including that Defendants relied on an "internal report" for said termination.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 189 of the Second Amended Complaint for the reason that they are untrue.

4867-5070-8270.1 / 024778-1679

190. Defendants' intentional noncompliance with the Act threatens grave and irreparable harm to Plaintiffs' reputation, future employment opportunities and their legal rights.

Plaintiffs demand judgment against all of the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgment against each of said Defendants, jointly and severally, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 190 of the Second Amended Complaint for the reason that they are untrue.

191. For all the foregoing reasons, Plaintiffs demand judgment against Defendants jointly and severally as follows:

## A.   LEGAL RELIEF

1. Economic, noneconomic and compensatory damages in whatever amount they are found to be entitled;

2. Exemplary damages in whatever amount they are found to be entitled;

3. Punitive damages in whatever amount they are found to be entitled;

4. Statutory damages, and common law damages;

5. Liquidated damages, treble damages, and double damages in whatever amount they are found to be entitled;

6. An award of interest, costs and reasonable attorney fees;

7.   Plaintiff is entitled to compensatory, exemplary, punitive, and treble damages;

8.   Compensatory damages in whatever amount Plaintiffs are found to be entitled to.

9.   Judgment for lost wages, past and future, in whatever amount Plaintiffs are found to be entitled to;

10.   An award for the value of lost fringe and pension benefits, past and future;

11.   Mental Distress Damages;

12.   Emotional Distress Damages; and

13.   The damages available include compensation for psychological injuries such as humiliation, embarrassment, outrage, disappointment, and mental anguish that have resulted from the discrimination.

## B.   EQUITABLE RELIEF

1.   An order from this Court placing Plaintiffs in the position they would have been in had there been no wrongdoing by Defendants, including reinstatement with back pay;

2.   An injunction out of this Court prohibiting any further acts of wrongdoing by Defendants;

3.   An Order requiring Defendants to immediately produce Plaintiffs' personnel records;

4.   An award of interest, costs and reasonable attorney fees; and

5.   Whatever other equitable relief appears appropriate at the time of final judgment.

4867-5070-8270.1 / 024778-1679

**ANSWER:** Crothall Defendants deny that they are liable or that Plaintiffs are entitled to relief as alleged in Paragraph 191 of the Second Amended Complaint.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (as to all Defendants)

192.    Plaintiffs repeat and re-allege each and every preceding paragraph as if fully set forth herein.

**ANSWER:** Crothall Defendants restate and incorporate, as if fully set forth herein, its answers to Paragraphs 1-191 of Plaintiffs' Second Amended Complaint.

193.    Defendants' conduct, as set forth above, was extreme and outrageous and went beyond the bounds of decency.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 193 of the Second Amended Complaint for the reason that they are untrue.

194.    Defendants' intentional/reckless conduct in failing to provide supplies for housekeepers to properly sanitize patient and operating rooms in order to help Defendants' bottom line.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 194 of the Second Amended Complaint for the reason that they are untrue.

195.    The lack of supplies to properly sanitize the hospital has been going on pre-pandemic, during the pandemic, and post-pandemic.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 195 of the Second Amended Complaint for the reason that they are untrue.

196.   In order to help Tenet's bottom line, Defendants Crothall/Compass intentionally and/or recklessly failed to initiate emergency protocols in response to the COVID-19 epidemic jeopardizing Plaintiffs' health and safety, and the safety of employees and patients.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 196 of the Second Amended Complaint for the reason that they are untrue.

197.   Defendants intentionally/and or recklessly made decisions that severely undermined staffing and protective measures at the hospital so that Plaintiffs and other employees could not adequately sanitize the hospital.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 197 of the Second Amended Complaint for the reason that they are untrue.

198.   Defendants make significant profits and intentionally refused to spend adequate funds to buy supplies and equipment to keep the hospitals safe and sanitary as required by regulations, standards, and laws.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 198 of the Second Amended Complaint for the reason that they are untrue.

199.   In engaging in the offensive conduct set forth herein, Defendants intended to cause emotional injury to Plaintiffs and/or recklessly disregarded the

82

probability that these unnecessary dangerous conditions and unsafe circumstances would result in Plaintiffs' severe emotional harm. Plaintiffs endured years of stress and anxiety from retaliation and from knowing that patients are put in harm's way.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 199 of the Second Amended Complaint for the reason that they are untrue.

200.   As a result of Defendants' decisions, Plaintiffs suffered severe trauma during every shift as they helplessly watched patients who were very ill, or about to deliver babies, who were exposed to unsanitary conditions because Defendants refused to provide enough cleaning supplies and equipment to keep the hospital sanitary.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 200 of the Second Amended Complaint for the reason that they are untrue.

201.   Defendants acted with reckless disregard for the extreme conditions it placed on Plaintiffs.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 201 of the Second Amended Complaint for the reason that they are untrue.

202.   Defendants' above-referenced conduct was extremely reckless and went beyond all possible bounds of decency.

4867-5070-8270.1 / 024778-1679

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 202 of the Second Amended Complaint for the reason that they are untrue.

203.   Defendants belittled, humiliated, and falsely accused Plaintiffs of not doing their jobs in an attempt to discredit them because they would report safety concerns to Defendants.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 203 of the Second Amended Complaint for the reason that they are untrue.

204.   The above-referenced conduct described did in fact cause Plaintiffs to suffer damages, including but not limited to severe emotional distress.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 204 of the Second Amended Complaint for the reason that they are untrue.

205.   For all the foregoing reasons, Plaintiffs demand judgment against Defendants jointly and severally as follows:

### A.    LEGAL RELIEF

1.   Economic, noneconomic and compensatory damages in whatever amount they are found to be entitled;

2.   Exemplary damages in whatever amount they are found to be entitled;

3.   Punitive damages in whatever amount they are found to be entitled;

4.   Statutory damages, and common law damages;

84

5.   Liquidated damages, treble damages, and double damages in whatever amount they are found to be entitled;

6.   An award of interest, costs and reasonable attorney fees;

7.   Plaintiff is entitled to compensatory, exemplary, punitive, and treble damages;

8.   Compensatory damages in whatever amount Plaintiffs are found to be entitled to.

9.   Judgment for lost wages, past and future, in whatever amount Plaintiffs are found to be entitled to;

10.  An award for the value of lost fringe and pension benefits, past and future;

11.  Mental Distress Damages;

12.  Emotional Distress Damages; and

13.  The damages available include compensation for psychological injuries such as humiliation, embarrassment, outrage, disappointment, and mental anguish that have resulted from the discrimination.

## B.   EQUITABLE RELIEF

1.   An order from this Court placing Plaintiffs in the position they would have been in had there been no wrongdoing by Defendants, including reinstatement with back pay;

2.   An injunction out of this Court prohibiting any further acts of wrongdoing by Defendants;

3.   An Order requiring Defendants to immediately produce Plaintiffs' personnel records;

4.   An award of interest, costs and reasonable attorney fees; and

5. Whatever other equitable relief appears appropriate at the time of final judgment.

**ANSWER:** Crothall Defendants deny that they are liable or that Plaintiffs are entitled to relief as alleged in Paragraph 205 of the Second Amended Complaint.

## COUNT V

### CONSPIRACY (as to all Defendants)

206. Plaintiffs repeat and re-allege each and every preceding paragraph as if fully set forth herein.

**ANSWER:** Crothall Defendants restate and incorporate, as if fully set forth herein, its answers to Paragraphs 1-205 of Plaintiffs' Second Amended Complaint.

207. At all material times, Defendant Tenet was the ultimate decision maker for purposes of conduct involving the Covid-19 pandemic, and cost cutting of essential supplies and equipment.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 207 of the Second Amended Complaint for the reason that they are untrue.

208. Defendant Tenet got rid of Sodexo and brought in Defendants Crothall/Compass to implement unreasonable cost cutting measures which created an unsafe hospital environment.

4867-5070-8270.1 / 024778-1679

**ANSWER:** Crothall Defendants lack knowledge or information regarding the allegations of Paragraph 208 of the Second Amended Complaint and therefore deny them.

209.  Defendants acted in concert with one another and with others, specifically but not limited to various corporate officers both at Crothall/Compass and Tenet/VHS, by design and purposely so as to maintain understaffed and extremely dangerous conditions, such as Plaintiffs, who are frontliner workers and were overwhelmed by safety violations and lack of adequate supplies.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 209 of the Second Amended Complaint for the reason that they are untrue.

210.  Defendants acted in concert with one another and with others, specifically but not limited to various corporate officers both at Crothall/Compass and Tenet/VHS, by design and purposely so as to maintain understaffed and extremely dangerous conditions, such as Plaintiffs, who are frontliner workers and were unnecessary exposed to Covid-19 areas in the hospital, which were not properly marked per the rules. Plaintiffs, during critical times, were not provided with PPE to protect themselves.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 210 of the Second Amended Complaint for the reason that they are untrue.

4867-5070-8270.1 / 024778-1679

211. Defendants acted in concert with one another and with others, specifically but not limited to various corporate officers both at Crothall/Compass and Tenet/VHS, by design and purposely so as to maintain understaffed and extremely dangerous conditions, such as Plaintiffs, who are frontliner workers and were exposed to employees and managers who were instructed to come to work even though they had Covid-19 symptoms.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 211 of the Second Amended Complaint for the reason that they are untrue.

212. Defendants acted in concert with one another and with others, specifically but not limited to various corporate officers both at Crothall/Compass and Tenet/VHS, by design and purposely so as to undermine Plaintiffs' ethical duties and policy rules.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 212 of the Second Amended Complaint for the reason that they are untrue.

213. Defendants acted in concert with one another and with others, specifically but not limited to various corporate officers both at Crothall/Compass and Tenet/VHS, by design and purposely so as to save money even if it meant compromising safety.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 213 of the Second Amended Complaint for the reason that they are untrue.

214.   Defendants acted in concert with one another and with others, specifically but not limited to various corporate officers both at Crothall/Compass and Tenet/VHS, by design and purposely deceived inspectors from OSHA, JHACO, CMS, AND LARA.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 214 of the Second Amended Complaint for the reason that they are untrue.

215.   Each of the acts committed by all the Defendants constituted aid and encouragement to all other Defendants herein in the commission of the wrongful acts described herein.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 215 of the Second Amended Complaint for the reason that they are untrue.

216.   These tortious and wrongful acts of Defendants, along with others, constituted a conspiracy to cause injury to Plaintiffs, specifically but not limited to emotional injuries as state above.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 216 of the Second Amended Complaint for the reason that they are untrue.

217.   The aforementioned conspiracy was committed pursuant to a common plan to commit the tortious and wrongful acts described herein.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 217 of the Second Amended Complaint for the reason that they are untrue.

4867-5070-8270.1 / 024778-1679

218.   The aforementioned conspiracy was also undertaken without any fault or wrongdoing by Plaintiffs herein.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 218 of the Second Amended Complaint for the reason that they are untrue.

219.   As a direct and proximate result of Plaintiffs' refusal to breach the public policy of the State of Michigan and reporting the breaches to Defendants' upper management and as a result of Defendants' retaliatory discharge of Plaintiffs, Plaintiffs have been placed in financial distress; have suffered loss of wages and benefits, loss of earning capacity, and loss of ability to work; and will continue to suffer these losses in the future.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 219 of the Second Amended Complaint for the reason that they are untrue.

220.   For all the foregoing reasons, Plaintiffs demand judgment against Defendants jointly and severally as follows:

A.   **LEGAL RELIEF**

1.   Economic, noneconomic and compensatory damages in whatever amount they are found to be entitled;

2.   Exemplary damages in whatever amount they are found to be entitled;

3.   Punitive damages in whatever amount they are found to be entitled;

4.   Statutory damages, and common law damages;

90

5.      Liquidated damages, treble damages, and double damages in whatever amount they are found to be entitled;

6.      An award of interest, costs and reasonable attorney fees;\

7.      Plaintiff is entitled to compensatory, exemplary, punitive, and treble damages;

8.      Compensatory damages in whatever amount Plaintiffs are found to be entitled to.

9.      Judgment for lost wages, past and future, in whatever amount Plaintiffs are found to be entitled to;

10.     An award for the value of lost fringe and pension benefits, past and future;

11.     Mental Distress Damages;

12.     Emotional Distress Damages; and

13.     The damages available include compensation for psychological injuries such as humiliation, embarrassment, outrage, disappointment, and mental anguish that have resulted from the discrimination.

## B.      EQUITABLE RELIEF

1.      An order from this Court placing Plaintiffs in the position they would have been in had there been no wrongdoing by Defendants, including reinstatement with back pay;

2.      An injunction out of this Court prohibiting any further acts of wrongdoing by Defendants;

3.      An Order requiring Defendants to immediately produce Plaintiffs' personnel records;

4.      An award of interest, costs and reasonable attorney fees; and

5.      Whatever other equitable relief appears appropriate at the time of final judgment.

**ANSWER:** Crothall Defendants deny that they are liable or that Plaintiffs are entitled to relief as alleged in Paragraph 220 of the Second Amended Complaint.

## COUNT VI

### MICHIGAN PUBLIC POLICY WRONGFUL DISCHARGE CLAIM
### (as to Defendants Crothall & Compass)

221.    Plaintiffs repeat and re-allege each and every preceding paragraph as if fully set forth herein.

**ANSWER:** Defendants restate and incorporate, as if fully set forth herein, its answers to Paragraphs 1-220 of Plaintiffs' Second Amended Complaint.

222.    Pursuant to Michigan law pertaining to public policy exceptions to an employee's at-will employment status, or other status, an employer cannot discharge and/or take adverse employment action(s) against an employee for the following reasons:

     i.  Where explicit legislative statements prohibit the discharge, or other adverse treatment of employees; and/or

    ii. Where the reason for the discharge was the employee's exercise of a right conferred by well-established legislative enactment.

4867-5070-8270.1 / 024778-1679

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 222 of the Second Amended Complaint for the reason that they are untrue.

223.   At all times material and relevant, Plaintiffs were employees and Defendants Crothall and Compass were employers.

**ANSWER:** Crothall Defendants admit Defendant Crothall employed Plaintiffs from the initiation of their services contract with Tenet in November 2019 through each Plaintiff's effective date of termination. Crothall Defendants deny the remaining allegations of Paragraph 223 of the Second Amended Complaint for the reasons that they are untrue.

224.   The Joint Commission on Accreditation of Healthcare Organizations (JCAHO) maintains non-retaliation provisions, which prohibit adverse employment decisions based on an employee's good faith reporting of a concern about compliance with policy or legal requirements, including but not limited to employee and patient safety and staffing.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 224 of the Second Amended Complaint for the reason that they are untrue.

225.   Michigan OSHA's general duty clause requires employers to provide employees with "employment and a place of employment that is free from recognized hazards that are causing, or are likely to cause, death or serious physical

4867-5070-8270.1 / 024778-1679

harm to employees." OSHA prohibits retaliation against employees who report safety hazards.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 225 of the Second Amended Complaint for the reason that they are untrue.

226.   MCL 333.20176a prohibits an employer from retaliating against an employee who reports malpractice and/or patient neglect or unsafe patient conditions.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 226 of the Second Amended Complaint for the reason that they are untrue.

227.   Plaintiffs engaged in internal and external complaints, which encompassed patient and employee wellbeing and safety, as well as Defendants' patent neglect to patients and employees at Harper Hutzel Hospital.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 227 of the Second Amended Complaint for the reason that they are untrue.

228.   Defendants, through their agents, servants, or employees, violated the public policy of the State of Michigan as outlined above.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 228 of the Second Amended Complaint for the reason that they are untrue.

4867-5070-8270.1 / 024778-1679

229.   Plaintiffs refused to violate these policies and reported the actions of certain agents, servants, or employees of Defendants to Defendants' upper management.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 229 of the Second Amended Complaint for the reason that they are untrue.

230.   Defendants Crothall and Compass discharged Plaintiffs in whole or in part for refusing or failing to violate the public policy of the State of Michigan, outlined above, and for reporting the actions of the agents, servants, or employees of Defendants to Defendants' upper management at Crothall and Compass, including Defendant Tenet.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 230 of the Second Amended Complaint for the reason that they are untrue.

231.   As a direct and proximate result of Plaintiffs' refusal to breach the public policy of the State of Michigan and reporting the breaches to Defendants' upper management and as a result of Defendants' retaliatory discharge of Plaintiffs, Plaintiffs have been placed in financial distress; have suffered loss of wages and benefits, loss of earning capacity, and loss of ability to work; and will continue to suffer these losses in the future.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 231 of the Second Amended Complaint for the reason that they are untrue.

4867-5070-8270.1 / 024778-1679

232.   For all the foregoing reasons, Plaintiffs demand judgment against Defendants jointly and severally as follows:

## A.   LEGAL RELIEF

1.   Economic, noneconomic and compensatory damages in whatever amount they are found to be entitled;

2.   Exemplary damages in whatever amount they are found to be entitled;

3.   Punitive damages in whatever amount they are found to be entitled;

4.   Statutory damages, and common law damages;

5.   Liquidated damages, treble damages, and double damages in whatever amount they are found to be entitled;

6.   An award of interest, costs and reasonable attorney fees;

7.   Plaintiff is entitled to compensatory, exemplary, punitive, and treble damages;

8.   Compensatory damages in whatever amount Plaintiffs are found to be entitled to.

9.   Judgment for lost wages, past and future, in whatever amount Plaintiffs are found to be entitled to;

10.   An award for the value of lost fringe and pension benefits, past and future;

11.   Mental Distress Damages;

12.   Emotional Distress Damages; and

13.   The damages available include compensation for psychological injuries such as humiliation, embarrassment, outrage,

disappointment, and mental anguish that have resulted from the discrimination.

**B.     EQUITABLE RELIEF**

1.     An order from this Court placing Plaintiffs in the position they would have been in had there been no wrongdoing by Defendants, including reinstatement with back pay;

2.     An injunction out of this Court prohibiting any further acts of wrongdoing by Defendants;

3.     An Order requiring Defendants to immediately produce Plaintiffs' personnel records;

4.     An award of interest, costs and reasonable attorney fees; and

5.     Whatever other equitable relief appears appropriate at the time of final judgment.

**ANSWER:** Crothall Defendants deny that they are liable or that Plaintiffs are entitled to relief as alleged in Paragraph 232 of the Second Amended Complaint.

## <u>COUNT VII</u>

### WHISTLEBLOWER
### (as to Defendants Crothall & Compass)

233.   Plaintiffs repeat and re-allege each and every preceding paragraph as fully set forth herein.

**ANSWER:** Crothall Defendants restate and incorporate, as if fully set forth herein, its answers to Paragraphs 1-232 of Plaintiffs' Second Amended Complaint.

234.   At all material times, Plaintiffs were employees, and Defendants

Crothall and Compass were their employers, covered by and within the meaning of the Whistleblowers' Protection Act, <u>MCL 15.361 et seq.</u>

**ANSWER:** Crothall Defendants admit that Defendant Crothall employed Plaintiffs from the initiation of their services contract with Tenet in November 2019 through each Plaintiff's effective date of termination. Crothall Defendants deny the remaining allegations of Paragraph 183 of the Second Amended Complaint for the reasons that they are untrue.

235. Pursuant to Michigan Administrative Code Rule 325.3825 (1), "[a] facility shall be planned, staffed, equipped, and operated with the individual patient's welfare and safety to be of paramount concern."

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 235 of the Second Amended Complaint for the reason that they are untrue.

236. Furthermore, there are various other state and federal regulations enforced by LARA, CMS, OSHA, Medicare, and Medicaid, intended to assure safe and healthy working conditions for workers, visitors, and patients.

**ANSWER:** Crothall Defendants admit the allegations of Paragraph 236 of the Second Amended Complaint. Crothall Defendants deny that they violated the any state or federal regulations as alleged by Plaintiffs or in any other manner.

237.   Likewise, pursuant to the Michigan Patient Bill of Rights, which has been statutorily enumerated, a "patient or resident is entitled to receive adequate and appropriate care." MCL 333.20201 (1)(e).

**ANSWER:** Crothall Defendants admit MCL 333.20201(1)(e) contains the language quoted in Paragraph 237 of the Second Amended Complaint. Crothall Defendants deny that they violated MCL 333.20201(1)(e) as alleged by Plaintiffs or in any other manner.

238.   Defendants violated the Whistleblowers' Protection Act when they discriminated against Plaintiffs as described regarding the terms, benefits, conditions, and privileges of their employment because Plaintiffs reported a violation or suspected violation of a law, regulation, or rule of the State of Michigan and opposed practices made illegal by the laws, regulations, or rules of the State of Michigan.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 238 of the Second Amended Complaint for the reason that they are untrue.

239.   The actions of Defendants were intentional.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 239 of the Second Amended Complaint for the reason that they are untrue.

240.   As a direct and proximate result of Defendants' unlawful actions against Plaintiffs as described, Plaintiffs have sustained injuries and damages,

4867-5070-8270.1 / 024778-1679

including, but not limited to, loss of earnings; loss of career opportunities; mental and emotional distress; loss of reputation and esteem in the community; and loss of the ordinary pleasures of everyday life, including the opportunity to pursue gainful occupation of choice.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 240 of the Second Amended Complaint for the reason that they are untrue.

241.  For all the foregoing reasons, Plaintiffs demand judgment against Defendants jointly and severally as follows:

### A.    LEGAL RELIEF

1.    Economic, noneconomic and compensatory damages in whatever amount they are found to be entitled;

2.    Exemplary damages in whatever amount they are found to be entitled;

3.    Punitive damages in whatever amount they are found to be entitled;

4.    Statutory damages, and common law damages;

5.    Liquidated damages, treble damages, and double damages in whatever amount they are found to be entitled;

6.    An award of interest, costs and reasonable attorney fees;

7.    Plaintiff is entitled to compensatory, exemplary, punitive, and treble damages;

8.    Compensatory damages in whatever amount Plaintiffs are found to be entitled to.

4867-5070-8270.1 / 024778-1679

9.     Judgment for lost wages, past and future, in whatever amount Plaintiffs are found to be entitled to;

10.    An award for the value of lost fringe and pension benefits, past and future;

11.    Mental Distress Damages;

12.    Emotional Distress Damages; and

13.    The damages available include compensation for psychological injuries such as humiliation, embarrassment, outrage, disappointment, and mental anguish that have resulted from the discrimination.

## B.    EQUITABLE RELIEF

1.     An order from this Court placing Plaintiffs in the position they would have been in had there been no wrongdoing by Defendants, including reinstatement with back pay;

2.     An injunction out of this Court prohibiting any further acts of wrongdoing by Defendants;

3.     An Order requiring Defendants to immediately produce Plaintiffs' personnel records;

4.     An award of interest, costs and reasonable attorney fees; and

5.     Whatever other equitable relief appears appropriate at the time of final judgment.

**ANSWER:** Crothall Defendants deny that they are liable or that Plaintiffs are entitled to relief as alleged in Paragraph 241 of the Second Amended Complaint.

## <u>COUNT VIII</u>

## VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT (ELCRA), MCL 37.2101, ET. SEQ. (as to Defendants Crothall and Compass)

242.   Plaintiffs repeat and re-allege each and every preceding paragraph as if fully set forth herein.

**ANSWER:** Crothall Defendants restate and incorporate, as if fully set forth herein, its answers to Paragraphs 1-241 of Plaintiffs' Second Amended Complaint.

243.   The Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 et. seq., prohibits discrimination in employment, public accommodations, educational institutions, and housing on the basis of race, sex, age, religion, national origin, height, weight, or marital status.

**ANSWER:** Crothall Defendants admit the Michigan Elliott-Larsen Civil Rights Act prohibits discrimination in employment, public accommodations, educational institutions, and housing on the basis of race, sex, age, religion, national origin, height, weight, or marital status. Crothall Defendants deny that they violated MCL 37.2101 et. seq. as alleged by Plaintiffs or in any other manner.

244.   Plaintiff were engaged in a protected activity – notifying Defendants of the unsanitary conditions at the hospital, complaints to OSHA, etc.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 244 of the Second Amended Complaint for the reason that they are untrue.

245.   Plaintiffs' complaints and concerns were known to Defendants.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 245 of the Second Amended Complaint for the reason that they are untrue.

4867-5070-8270.1 / 024778-1679

246.   Defendant Crothall/Compass fired Plaintiffs as a result of their complaints as to the unsanitary and unsafe conditions at Harper Hospital.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 246 of the Second Amended Complaint for the reason that they are untrue.

247.   Defendants' (Crothall/Compass) management made it clear to Plaintiffs that they are housekeepers and not worthy of having a voice and that they are lucky to have jobs instead of being on Medicaid.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 247 of the Second Amended Complaint for the reason that they are untrue.

248.   Plaintiffs are African American and females who have been subject to retaliation and discrimination because Defendants believed they could get away with such retaliation and discrimination.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 248 of the Second Amended Complaint for the reason that they are untrue.

249.   Plaintiffs were unfairly disciplined.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 249 of the Second Amended Complaint for the reason that they are untrue.

250.   Defendants Crothall/Compass violate their own policies of anti-discrimination and take advantage of Plaintiffs because they are African American and females.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 250 of the Second Amended Complaint for the reason that they are untrue.

251.   Defendants Crothall/Compass refused to train Plaintiffs and other employees because of their discriminatory belief that Plaintiffs, among others, are stupid and routinely talked down to Plaintiffs and one factor is because of their gender and race.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 251 of the Second Amended Complaint for the reason that they are untrue.

252.   Defendants Crothall/Compass discriminated against Plaintiffs and refused to provide proper PPE because they treated Plaintiffs as less human than their managers because of their gender and race.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 252 of the Second Amended Complaint for the reason that they are untrue.

253.   Defendants Crothall/Compass retaliated and discriminated against Plaintiffs because they spoke up about how Defendants Crothall/Compass mistreated and terminated a disabled employee who was disabled due to getting Covid-19 at work.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 253 of the Second Amended Complaint for the reason that they are untrue.

4867-5070-8270.1 / 024778-1679

254.   Plaintiffs suffered damages as a result of Defendants' violations of their rights under ELCRA.

**ANSWER:** Crothall Defendants deny the allegations of Paragraph 254 of the Second Amended Complaint for the reason that they are untrue.

255.   For all the foregoing reasons, Plaintiffs demand judgment against Defendants jointly and severally as follows:

**B.      EQUITABLE RELIEF**

    1.   An order from this Court placing Plaintiffs in the position they would have been in had there been no wrongdoing by Defendants, including reinstatement with back pay;

    2.   An injunction out of this Court prohibiting any further acts of wrongdoing by Defendants;

    3.   An Order requiring Defendants to immediately produce Plaintiffs' personnel records;

    4.   An award of interest, costs and reasonable attorney fees; and

    5.   Whatever other equitable relief appears appropriate at the time of final judgment.

**ANSWER:** Crothall Defendants deny that they are liable or that Plaintiffs are entitled to relief as alleged in Paragraph 255 of the Second Amended Complaint.

## RELIEF REQUESTED

256.   Plaintiffs repeat and re-allege each and every preceding paragraph as if fully set forth herein. As a direct and proximate result of Defendants' violations as stated above, Plaintiffs have suffered depression, emotional and physical distress,

mental and physical anguish, humiliation, loss of reputation and embarrassment, and the physical manifestations of these injuries and will continue to suffer these problems in the future.

**ANSWER:** Crothall Defendants restate and incorporate, as if fully set forth herein, its answers to Paragraphs 1-255 of Plaintiffs' Second Amended Complaint. In further response, Crothall Defendants deny the allegations of Paragraph 256 of the Second Amended Complaint.

257.   Plaintiffs demand judgment against all of the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgment against each of said Defendants, jointly and severally.

For all the foregoing reasons, Plaintiffs demand judgment against Defendants as follows:

### A.   LEGAL RELIEF

1.   Economic, noneconomic and compensatory damages in whatever amount they are found to be entitled;

2.   Exemplary damages in whatever amount they are found to be entitled;

3.   Punitive damages in whatever amount they are found to be entitled;

4.   Statutory damages, and common law damages;

5.   Liquidated damages, treble damages, and double damages in whatever amount they are found to be entitled;

4867-5070-8270.1 / 024778-1679

6.     An award of interest, costs and reasonable attorney fees;

7.     Plaintiff is entitled to compensatory, exemplary, punitive, and treble damages;

8.     Compensatory damages in whatever amount Plaintiffs are found to be entitled to.

9.     Judgment for lost wages, past and future, in whatever amount Plaintiffs are found to be entitled to;

10.    An award for the value of lost fringe and pension benefits, past and future;

11.    Mental Distress Damages;

12.    Emotional Distress Damages; and

13.    The damages available include compensation for psychological injuries such as humiliation, embarrassment, outrage,

## B.  EQUITABLE RELIEF

1.     An order from this Court placing Plaintiffs in the position they would have been in had there been no wrongdoing by Defendants, including reinstatement with back pay;

2.     An injunction out of this Court prohibiting any further acts of wrongdoing by Defendants;

3.     An Order requiring Defendants to immediately produce Plaintiffs' personnel records;

4.     An award of interest, costs and reasonable attorney fees; and

5.     Whatever other equitable relief appears appropriate at the time of final judgment.

4867-5070-8270.1 / 024778-1679

**ANSWER:** Crothall Defendants deny that they are liable or that Plaintiffs are entitled to relief as alleged in Paragraph 257 of the Second Amended Complaint.

## COUNT IX

### NEGLIGENCE CLAIM BY PLAINTIFF RHODES
### (as to Defendants Tenet, VHS of Michigan, and VHS Harper Hutzel)

258. Plaintiffs repeat and re-allege each and every preceding paragraph as if fully set forth herein.

**ANSWER:** Crothall Defendants restate and incorporate, as if fully set forth herein, its answers to Paragraphs 1-257 of Plaintiffs' Second Amended Complaint.

259. Defendants owed a duty to Plaintiff Rhodes to follow safety rules designed for her protection.

**ANSWER:** As this allegation is directed to the other named Defendants, Crothall Defendants lack knowledge and information sufficient to form a belief as to the allegations of Paragraph 259 of the Second Amended Complaint, and therefore deny the allegations. Crothall Defendants deny as untrue any allegation that maybe directed toward them.

260. Defendants breached their duty when they failed to follow safety rules and failed to notify Plaintiff Rhodes when patient rooms had patients positive with the coroner virus.

108

**ANSWER:** As this allegation is directed to the other named Defendants, Crothall Defendants lack knowledge and information sufficient to form a belief as to the allegations of Paragraph 260 of the Second Amended Complaint, and therefore deny the allegations. Crothall Defendants deny as untrue any allegation that maybe directed toward them.

261.    Plaintiff Rhodes contracted the corona virus as a result of Defendants negligence.

**ANSWER:** As this allegation is directed to the other named Defendants, Crothall Defendants lack knowledge and information sufficient to form a belief as to the allegations of Paragraph 261 of the Second Amended Complaint, and therefore deny the allegations. Crothall Defendants deny as untrue any allegation that maybe directed toward them.

262.    This is during the time when no vaccines were available for front line workers.

**ANSWER:** As this allegation is directed to the other named Defendants, Crothall Defendants lack knowledge and information sufficient to form a belief as to the allegations of Paragraph 262 of the Second Amended Complaint, and therefore deny the allegations. Crothall Defendants deny as untrue any allegation that maybe directed toward them.

4867-5070-8270.1 / 024778-1679

263. Defendants' negligence is the proximate cause of Plaintiff Rhodes health injuries, and damages.

**ANSWER:** As this allegation is directed to the other named Defendants, Crothall Defendants lack knowledge and information sufficient to form a belief as to the allegations of Paragraph 263 of the Second Amended Complaint, and therefore deny the allegations. Crothall Defendants deny as untrue any allegation that maybe directed toward them.

## <u>RELIEF REQUESTED</u>

264. Plaintiffs repeat and re-allege each and every preceding paragraph as if fully set forth herein. As a direct and proximate result of Defendants' violations as stated above, Plaintiffs have suffered depression, emotional and physical distress, mental and physical anguish, humiliation, physical injuries, loss of reputation and embarrassment, and the physical manifestations of these injuries and will continue to suffer these problems in the future.

**ANSWER:** As this allegation is directed to the other named Defendants, Crothall Defendants lack knowledge and information sufficient to form a belief as to the allegations of Paragraph 264 of the Second Amended Complaint, and therefore deny the allegations. Crothall Defendants deny as untrue any allegation that maybe directed toward them.

110

265.   Plaintiffs demand judgment against all of the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgment against each of said Defendants, jointly and severally.

For all the foregoing reasons, Plaintiffs demand judgment against Defendants as follows:

## C.   LEGAL RELIEF

1.   Economic, noneconomic and compensatory damages in whatever amount they are found to be entitled;

2.   Exemplary damages in whatever amount they are found to be entitled;

3.   Punitive damages in whatever amount they are found to be entitled;

4.   Statutory damages, and common law damages;

5.   Liquidated damages, treble damages, and double damages in whatever amount they are found to be entitled;

6.   An award of interest, costs and reasonable attorney fees;

7.   Plaintiff is entitled to compensatory, exemplary, punitive, and treble damages;

8.   Compensatory damages in whatever amount Plaintiffs are found to be entitled to.

9.   Judgment for lost wages, past and future, in whatever amount Plaintiffs are found to be entitled to;

10.   An award for the value of lost fringe and pension benefits, past and future;

11.    Mental Distress Damages;

12.    Emotional Distress Damages; and

13.    The damages available include compensation for psychological injuries such as humiliation, embarrassment, outrage, disappointment, and mental anguish that have resulted from the discrimination.

## D.    EQUITABLE RELIEF

1.    An order from this Court placing Plaintiffs in the position they would have been in had there been no wrongdoing by Defendants, including reinstatement with back pay;

2.    An injunction out of this Court prohibiting any further acts of wrongdoing by Defendants;

3.    An Order requiring Defendants to immediately produce Plaintiffs' personnel records;

4.    An award of interest, costs and reasonable attorney fees; and

5.    Whatever other equitable relief appears appropriate at the time of final judgment.

**ANSWER:** As this allegation is directed to the other named Defendants, Crothall Defendants lack knowledge and information sufficient to form a belief as to the allegations of Paragraph 265 of the Second Amended Complaint, and therefore deny the allegations. Crothall Defendants deny as untrue any allegation that maybe directed toward them.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any of the allegations in the Second Amended Complaint and without admitting or acknowledging that it bears any burden of proof as to any of them, Crothall Defendants assert the following affirmative and/or special defenses to Plaintiffs' Second Amended Complaint. Crothall Defendants intend to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action.

### FIRST DEFENSE

Plaintiffs' Second Amended Complaint, and every alleged claim therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

At all times relevant hereto, Crothall Defendants acted in good faith and did not violate any rights which may be secured by Plaintiffs under federal, state or local rules, regulations, statutes or guidelines.

### THIRD DEFENSE

Plaintiffs' claims for damages are barred to the extent that they have failed to make reasonable efforts to mitigate their damages, if any.

### FOURTH DEFENSE

Each and every cause of action alleged in Plaintiffs' Second Amended Complaint is barred, in whole or in part, because there were necessary, legitimate,

113

non-discriminatory, nonretaliatory reasons for each and every employment practice and/or action allegedly taken by Crothall Defendants with respect to either Plaintiffs' employment.

## FIFTH DEFENSE

Crothall Defendants allege that the Second Amended Complaint and each and every cause of action alleged therein is barred, in whole or in part, because good cause existed for each and every action taken by Crothall Defendants with respect to either Plaintiffs' employment.

## SIXTH DEFENSE

Crothall Defendants are not liable to the extent Plaintiffs consented to behavior which would otherwise be tortious.

## SEVENTH DEFENSE

Plaintiffs' claims are barred as Crothall Defendants did not have an intent to commit a crime.

## EIGHTH DEFENSE

Plaintiffs' claims are barred as Crothall Defendants did not know the plan involved criminal activity.

## NINTH DEFENSE

To the extent, if any, that Crothall Defendants are found to have violated Michigan's Elliott-Larsen Civil Rights Act with respect to Plaintiffs' Second

Amended Complaint (which Crothall Defendants deny), said violation was not willful.

## TENTH DEFENSE

Plaintiffs' claims are barred as Crothall Defendants renunciated any alleged conspiracy.

## ELEVENTH DEFENSE

Defendant Compass Group is not a proper defendant as it was not Plaintiffs' employer.

## TWELFTH DEFENSE

Plaintiffs did not engage in protected activity as defined by the statutes and regulations at issue.

## THIRTEETH DEFENSE

Plaintiffs' claims may be barred by the applicable statutes of limitations.

## FOURTEENTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the equitable doctrines of unclean hands, laches, waiver, and/or estoppel.

## FIFTEENTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, to the extent that she failed to comply with jurisdictional, procedural and administrative prerequisites for filing this action, or if her claims otherwise exceed the scope of any charge filed.

4867-5070-8270.1 / 024778-1679

## SIXTEENTH DEFENSE

If either Plaintiff is found to have engaged in terminable misconduct in her acquisition of and/or during her employment with Crothall Defendants, the after-acquired evidence doctrine bars that Plaintiff from recovering any front pay damages or obtaining reinstatement to her employment with Crothall Defendants, and any back pay damages are limited to the period between the date of the alleged unlawful conduct and Crothall Defendants' discovery of the misconduct.

## SEVENTEETH DEFENSE

Plaintiffs cannot recover against Crothall Defendants to the extent that the damages alleged by Plaintiffs are speculative or uncertain and also because Plaintiffs failed to allege facts sufficient to state claims for exemplary damages.

## EIGHTEENTH DEFENSE

Even if there were evidence of retaliatory motivation (and there is not), Plaintiffs would have been treated the same absent such motivation.

## NINETEENTH DEFENSE

Plaintiffs unreasonably failed to take advantage of any preventative or corrective opportunities provided to her or to otherwise avoid harm.

## TWENTIETH DEFENSE

Defendants had a policy against harassment and retaliation at the time of the conduct alleged by Plaintiffs and Defendants enforced that policy. Defendants are

4867-5070-8270.1 / 024778-1679

not liable for any harassment, retaliation, or other wrongful conduct by one employee against another, under a theory of respondeat superior or otherwise, where such conduct violated Defendants' policy and Plaintiffs did not report the conduct to Defendants so that it could investigate the conduct, enforce the policy, and protect Plaintiffs against any future alleged discrimination.

<u>**TWENTY-FIRST DEFENSE**</u>

Plaintiffs unreasonably failed to take advantage of any preventative or corrective opportunities provided to them or to otherwise avoid harm.

<u>**CROTHALL DEFENDANTS' RELIANCE ON JURY DEMAND**</u>

Defendants Compass Group and Crothall Healthcare, by their attorneys, Littler Mendelson, P.C., hereby relies on the previously filed Jury Demand in this matter.

<u>**RESERVATION OF RIGHT**</u>

Crothall Defendants reserve the right to file, upon completion of their investigation and discovery, such amended answers and defense as may be appropriate.

Crothall Defendants ask that Plaintiffs' Second Amended Complaint be dismissed in its entirety and that a judgment of no cause for action be entered in favor of Defendants together with costs and attorney fees.

4867-5070-8270.1 / 024778-1679

Dated:  November 10, 2022

/s/ Jaclyn R. Giffen

Jaclyn R. Giffen  (P75316)
Jessica Kingston (P74417)
LITTLER MENDELSON, P.C.
200 Renaissance Center, Suite 3110
Detroit, Michigan 48243
(313) 202-3261
jgiffen@littler.com

*Attorneys for Defendants Compass
Group and Crothall Healthcare*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on November 10, 2022, via:

| | | | |
|---|---|---|---|
| _____ | U. S. Mail | _____ | Facsimile |
| X | ECF Filing | _____ | Hand Delivery |
| _____ | E-Mail | _____ | Federal Express |

/s/ Jaclyn R. Giffen

Jaclyn R. Giffen

4867-5070-8270.1 / 024778-1679